514 F.Supp. 1344 (1981)
Joseph TRETTER, Plaintiff,
v.
RAPID AMERICAN CORPORATION et al., Defendant.
No. 78-925C(2).
United States District Court, E. D. Missouri, E. D.
June 1, 1981.
*1345 Leo M. Newman, St. Louis, Mo., for plaintiff.
Donald L. James, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on the motion for summary judgment of defendant Rapid American Corporation.[1] This motion has several aspects. Initially, Rapid American asserts that it can not be held liable as the successor corporation to the Philip Carey Manufacturing Corporation,[2] since any liability assumed from that corporation has long since been transferred to other entities. Alternatively, Rapid American asserts that can it be held so liable, it is entitled to judgment over against the third-party defendant, Celotex Corporation. Celotex does not dispute this latter assertion, and it will therefore not be discussed further.
In this suit, plaintiff alleges that his exposure over the years to asbestos products manufactured and/or sold by Philip Carey Manufacturing Corporation caused him to contract asbestosis.[3] As stated earlier, see n.2, plaintiff claims that Rapid American has succeeded to the liabilities of the Philip Carey Manufacturing Corporation. The undisputed facts relevant to this motion for summary judgment establish the following:
*1346 In 1888, the Philip Carey Manufacturing Corporation (Old Carey) was formed in Ohio. Effective June 1, 1967, Old Carey was merged with Glen Alden. On that same date, Glen Alden assigned all the assets and liabilities it acquired from Old Carey to a newly formed subsidiary, Philip Carey Manufacturing Corporation (New Carey). In this transaction, New Carey agreed to assume all the liabilities of Old Carey and agreed to indemnify Glen Alden against any such liabilities, including the cost of defense or settlement of any such liabilities. After this transaction Glen Alden continued in operation. Glen Alden itself has never manufactured or sold asbestos, and plaintiff does not contend otherwise.
In 1968, Philip Carey Manufacturing Corporation changed its name to Philip Carey Corporation. In 1970, Philip Carey Corporation merged into Briggs Manufacturing Company and the surviving corporation adopted the name Panacon Corporation. In 1972, Celotex Corporation purchased the Panacon Corporation, and assumed all its liabilities.
It is against this background that Rapid American argues that it can not now be held liable for the liabilities of Old Carey, since those liabilities were transferred to New Carey in the transaction of June 1, 1967. This Court can not accept that position.
The law is clear that "[i]f the parties effect the transfer of a corporate enterprise through a merger, consolidation, or sale of stock, the transferee assumes its predecessor's liabilities, including product liability claims." Tucker v. Paxson Machine Company, 645 F.2d 620 at 622. (8th Cir. 1981). See, also, Brockman v. O'Neill, 565 S.W.2d 796 (Mo.App.1978). When Glen Alden merged with Old Carey, therefore, Glen Alden assumed the liability for the claim involved in this suit. This fact was recognized in the "General Assignment & Assumption of Liabilities" agreement between Glen Alden and New Carey. That document specifically referred to liabilities "to which Glen Alden became subject as a result of the aforementioned merger [the merger between Glen Alden and Old Carey]." That Glen Alden subsequently transferred this liability to New Carey does not defeat plaintiff's cause of action herein; it merely gives Glen Alden a claim for indemnity against New Carey's successor, Celotex.
Gee v. Tenneco, Inc., 615 F.2d 857 (9th Cir. 1980), presented a similar situation. In that case, Heyden Chemical Corporation manufactured a drug which allegedly caused cancer in the plaintiff's deceased husband. After the manufacture of the drug in question, but well before the death of the decedent, Heyden sold its antibiotics division to American Cyanamid Corporation. Heyden continued to operate other businesses. Tenneco, Inc. was the eventual successor to Heyden. The plaintiff sued Tenneco for liabilities which arose from the operation of the antibiotics division prior to its sale to Cyanamid. In rejecting the claim that the sale to Cyanamid relieved Heyden, and therefore Tenneco, of liability, the court said, at 862:
"To the extent that the judgment below may have been based upon a finding that the sale of the antibiotic division to American Cyanamid relieved Heyden of potential liability for Gee's injuries, which might be passed on to Tenneco, it must be reversed. We are aware of no rule of law which allows a corporate entity to evade liability for its tortious conduct merely by selling the instrumentality which is alleged to have caused the injury, and none has been cited to us in this appeal. It is the general rule that where a corporation is not dissolved following a sale of assets or a reorganization, it remains liable for debts and liabilities incurred by it, unless it is otherwise agreed between the corporation and its creditors. See 15 W. Fletcher, Cyclopedia of the Law of Private Corporations § 7348 (rev. perm. ed. 1973), and cases cited therein.
Though in Gee the transferor corporation was allegedly liable due to a tort committed by it, there is no reason to reach a different result when the transferor's liability was *1347 assumed due to a merger. The transferor can not escape liability to a third party by assigning the liability to the transferee.
Trimper v. Harris Corporation, 441 F.Supp. 346 (E.D.Mich.1977), likewise dictates this result. In that case, the manufacturer of an allegedly defective press, Sheridan Manufacturing Co., sold all its assets to Harris Corporation. Harris subsequently sold all the assets it had acquired from Sheridan to Bruno-Sherman Corporation, and continued to operate other businesses. A person injured by the press initially brought suit against Bruno-Sherman, as successor to the liabilities of Sheridan. The court upheld this claim, holding that Bruno-Sherman had succeeded to Sheridan's liabilities. Trimper v. Bruno-Sherman Corporation, 436 F.Supp. 349 (E.D. Mich.1977). In so holding, the court recognized that "[u]ltimately it may be necessary to determine whether, under the circumstances, there is continuing liability of Harris Corporation ..." Id. at 350.
That question was presented in Trimper v. Harris Corporation, supra, when the plaintiff also sought to sue Harris. The court held that Harris did not escape liability via the transfer of assets to Bruno-Sherman, and that both Harris and Bruno-Sherman could be held vicariously liable for the debts of Sherman. The court implied, however, that Harris might be able to recover from Bruno-Sherman. "It is not the injured party's concern as to how that liability, if he wins his suit, will be allocated or borne as between them."
Likewise, in Cyr v. B. Offen & Co., Inc., 501 F.2d 1145, 1153 (1st Cir. 1974), the court, in discussing the relevance of a provision purportedly protecting the successor corporation from the tort liability of its predecessor, said "This provision, of course, bound the parties and would give B. Offen & Co., Inc. the right to recover from its seller, but cannot determine the rights of third parties, when no effort to give notice of the change was made."
This Court therefore believes that Rapid American, as the successor corporation to Philip Carey Manufacturing Corporation, may be held liable for the liabilities of its predecessor. The transfer of this liability to New Carey, and ultimately Celotex, does not bar this suit. Of course, as stated earlier, Celotex must indemnify Rapid American for any liability incurred in this suit. Rapid American's motion for summary judgment will be denied as it relates to plaintiff's claim against it, and granted as it relates to Rapid American's indemnity claim against Celotex.
NOTES
[1] As far as Rapid American Corporation is concerned, the defendant initially named was "Glen Alden and/or Rapid American." Plaintiff has recently amended the complaint to name Rapid American Corporation as the defendant. Rapid American Corporation and Glen Alden Corporation are related entities. Glen Alden was, in fact, the corporation involved in the events underlying Rapid American's alleged liability, as will appear infra. There is no dispute at this time, however, that Rapid American now stands in the shoes of Glen Alden.
[2] The complaint initially alleged that Glen Alden and/or Rapid American was the successor corporation to the Philip Carey Corporation. It was recently amended to name the predecessor corporation as the Philip Carey Manufacturing Corporation. The confusion over this point is readily understandable in light of the corporate maneuverings described infra.
[3] Plaintiff also brought suit against Johns-Manville Sales Corporation. This claim has been dismissed due to plaintiff's failure to bring suit against Johns-Manville Sales Corporation within the applicable statute of limitations period. Tretter v. Johns-Manville Corp., 88 F.R.D. 329 (E.D.Mo.1980).