72121. SMITH v. SEABOARD SYSTEM RAILROAD, INC.
(348 SE2d 97)

BENHAM, Judge.

After sustaining an injury on August 21, 1979, appellant Smith filed suit in the Superior Court of Fulton County in December 1979 under the provisions of the Federal Employers' Liability Act ("FELA") (45 USCA § 51 et seq.) against appellees' predecessor in interest. The only order in the lawsuit was entered on January 18, 1980; the action was dismissed automatically on January 18, 1985, following a period of five years in which no written order was taken. OCGA §§ 9-2-60 (b); 9-11-41 (e). Appellant refiled the action in the superior court on March 6, 1985, prompting appellee to seek judgment on the pleadings, contending the three-year statute of limitation established for FELA actions (45 USCA § 56) barred the refiled action. The trial court treated appellee's motion as one for summary judgment and granted the motion. We affirm the trial court's ruling.

The FELA, "being an act of the United States Congress, presents a Federal question. On all such questions the Supreme Court of the United States is the highest authority and its decisions are final." *Seaboard Air-Line R. v. Brooks*, 151 Ga. 625, 627 (107 SE 878) (1921). The Supreme Court, in *Burnett v. New York Central R.*, 380 U. S. 424 (85 SC 1050, 13 LE2d 941) (1965), dealt with the question of the effect the pendency of a suit had on the tolling of the FELA statute of limitation. In that case, Burnett, injured on March 17, 1960, filed a FELA action on March 13, 1963, in an Ohio court where it was dismissed due to improper venue. On June 12, 1963, eight days after the state court dismissal, Burnett filed the identical suit in federal court in Ohio. The federal district court dismissed the complaint on statute of limitation grounds, and the Court of Appeals for the Sixth Circuit affirmed the dismissal. The Supreme Court reversed, holding that "when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing

party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action." Id. 380 U. S. at 428.

In making its decision, the Supreme Court noted that "a major reason for having a federal limitation provision was to achieve national uniformity." Id. at 434. The court discussed the fact that FELA cases filed in the improper venue in any federal court and in a number of states would be transferred to the court with proper venue without the case being dismissed. See 28 USCA § 1406 (a); *Burnett,* fn. 8 at 431. In several other states, "saving" statutes such as OCGA § 9-2-61 would extend the statute of limitation for cases dismissed for procedural reasons such as improper venue. The court, however, refused to incorporate the saving statutes into the FELA statute of limitation because the variety of saving statutes "would produce nonuniform periods of limitation in the several States." Id. at 433. Instead, the court ruled that the pendency of a timely filed, properly served FELA action, dismissed because of improper venue, would toll the FELA statute of limitation. The ruling placed those state court FELA plaintiffs in states where no transfer statute existed on equal footing with FELA plaintiffs in federal court and in state courts in states with transfer statutes, thus promoting national uniformity.

The above analysis convinces us to limit the *Burnett* holding to those cases in which a timely filed and properly served FELA case is dismissed due to improper venue after the expiration of the statute of limitation. Since appellant's initial FELA complaint was dismissed for a reason other than improper venue, the FELA statute of limitation was not tolled during the pendency of the earlier action. While appellant promptly filed his initial lawsuit, he thereafter "slept on his rights" to the point of getting his case automatically dismissed.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 7, 1986 —
REHEARING DENIED JULY 22, 1986 — 

*John K. Dunlap, Robert T. Efurd, Jr.,* for appellant.
*William B. Brown,* for appellee.