Melvin TURNBOW, Plaintiff–Appellant,

v.

SOUTHERN RAILWAY COMPANY and
Norfolk Southern Corporation,
Defendants–Respondents.

No. 71104.

Supreme Court of Missouri,
En Banc.

March 14, 1989.

As Modified on Denial of Rehearing
April 18 and May 18, 1989.

Derald L. Gab, East Alton, Ill., Godfrey Padberg, St. Louis, Mo., for plaintiff-appellant.

Frank N. Gundlach, Jordan B. Cherrick, Douglas K. Rush, St. Louis, Mo., for defendants-respondents.

ROBERTSON, Judge.

The Circuit Court granted respondent's motion for summary judgment, finding that the three-year statute of limitations provided by the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1982), had expired. Plaintiff appealed. The Court of Appeals, Eastern District, affirmed the judgment of the trial court but transferred the case to this Court because of the general interest or importance. We have jurisdiction. Mo. Const. art. V, § 10. The sole issue on appeal is whether the three-year FELA statute of limitations is tolled for the ten days within which a notice of appeal may be filed, Rule 81.04(a), when the trial court's order of dismissal is not appealable because it is without prejudice. The judgment of the trial court is affirmed.

I.

Plaintiff Melvin Turnbow sustained injuries on January 12, 1984, in the course of his employment with respondent railroad. He filed his initial FELA petition on March 19, 1986, in the Circuit Court of the City of St. Louis. Plaintiff purported to serve summons on R.W. Russell, an employee of defendant railroad, while Russell was staying at the Gateway Hotel in St. Louis, Missouri, on March 25, 1986. Russell was not authorized to receive service of process for defendant. On May 27, 1986, respondent railroad filed a motion to dismiss on the grounds, *inter alia*, that the service of process was insufficient. The trial court found that the service of process was insufficient and dismissed plaintiff's petition without prejudice. For reasons not explained in the record, plaintiff delayed refiling his petition until June 13, 1987. On September 14, 1987, respondent railroad moved for summary judgment on the basis that plaintiff's cause of action was barred by the FELA statute of limitations. The

trial court sustained respondent's motion for summary judgment.

## II.

FELA contains a three-year statute of limitations. 45 U.S.C. § 56 (1982). *Burnett v. New York Central Railroad Company*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), holds that "when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." *Id.* at 434–35, 85 S.Ct. at 1057–58. Thus, the United States Supreme Court determined that the FELA statute of limitations "is tolled until the state court order dismissing the state action becomes final by the running of the time during which an appeal may be taken or the entry of a final judgment on appeal." *Id.* at 435, 85 S.Ct. at 1058.[1]

In reaching its decision, the trial court reasoned that because a dismissal without prejudice is not appealable, the tolling period announced in *Burnett* "does not include time for appeal when no appeal is possible." This appeal thus turns on the meaning of the language in *Burnett* which provides that the statute of limitations is tolled "until the state court order dismissing the state action becomes final by the running of the time during which an appeal *may* be taken or the entry of a final judgment on appeal" (emphasis added). 380 U.S. at 435, 85 S.Ct. at 1058.

Plaintiff contends that *Burnett* means that the tolling period extends to the last possible day he could file an appeal from the order dismissing his original suit without prejudice. By plaintiff's calculation, this period includes the 104–day period between the filing and dismissal of the original case, the 30 days during which the trial court exercised control over its order pursuant to Rule 75.01, and the 10 days during which plaintiff could file his notice of ap-

---

**1.** The case law applying *Burnett* is scant. However, from the language of the case itself, it appears there are three possible grounds supporting the trial court's summary judgment. First, one of the requirements which must be satisfied in order for a plaintiff to avail himself of the tolling period is that he serve the defendant with process. Arguably, plaintiff never satisfied this requirement because his original case was dismissed for insufficient service of process. Defendant does not ask this court to resolve the case on this basis, and we decline to do so.

A second and related argument supporting the trial court's summary judgment has to do with the fact that the original dismissal in *Burnett* was for improper venue, while in this case the dismissal was for insufficient service of process. Thus defendant contends *Burnett* may not even apply to this case.

There seems to be a split of authority on the issue of whether *Burnett* applies to cases originally dismissed for reasons other than venue. In *Stine v. Kansas City Terminal Railway Company*, 564 S.W.2d 619 (Mo.App.1978), the court held that the fact the plaintiff's original suit was voluntarily dismissed "appear[s] to remove the instant case from the working realm of the ultimate holding in *Burnett.*" *Id.* at 622. However, the court was only distinguishing between voluntary and involuntary dismissals; there can be no doubt that, unlike in *Stine,* the original dismissal in this case was involuntary.

In *Smith v. Seaboard System Railroad, Inc.*, 179 Ga.App. 822, 348 S.E.2d 97 (1986), the plaintiff's original claim was dismissed automatically

after no action was taken on the case for five years. The court rejected the plaintiff's argument that the FELA statute of limitation was tolled during this period. The court reasoned that one of the major purposes for the *Burnett* holding was to "place those state court FELA plaintiffs in states where no transfer statute existed on equal footing with FELA plaintiffs in federal courts and in state courts in states with transfer statutes...." *Id.* 348 S.E.2d at 98. Thus, the court refused to extend *Burnett* beyond those cases dismissed for improper venue.

On the other hand, in *Platoro Ltd., Inc. v. Unidentified Remains of a Vessel*, 614 F.2d 1051 (5th Cir.1980), the court applied *Burnett* to a federal statute of limitations for remuneration for rendering assistance or salvage services, 46 U.S.C.App. § 730 (1982). The court emphasized that the plaintiff's original filing showed due diligence and put those who were defending the case on notice of its claim, and thus extended *Burnett* to a dismissal for lack of *in rem* jurisdiction. These same considerations led the court in *Reynolds v. Logan Charter Service, Inc.*, 565 F.Supp. 84 (N.D.Miss.1983), to extend *Burnett* to a Jones Act case originally dismissed for lack of personal jurisdiction. *See also Fox v. Eaton Corporation*, 615 F.2d 716 (6th Cir.1980) (*Burnett* applied in a Title VII case to dismissal for lack of subject matter jurisdiction).

The trial court did not base its dismissal on either of the grounds discussed above and we need not decide whether *Burnett* applies in either instance.

peal pursuant to Rule 81.04. Plaintiff thus urges that the FELA statute of limitations was tolled for a total of 144 days, that the statute of limitations expired on June 5, 1987, and that his cause of action was timely filed on June 3, 1987.

Defendant maintains that the order dismissing plaintiff's original petition was without prejudice and not appealable. *Miller v. Schultz*, 614 S.W.2d 11, 13 (Mo.App. 1981). Thus, defendant argues there was no time within which an appeal may be taken within the meaning of *Burnett*. Consequently, defendants contend that the ten days provided in Rule 81.04 should not be considered in computing the number of days the statute of limitations was tolled by the filing of the FELA action in state court. Under defendants' reasoning, the statute of limitations was tolled but for 134 days or until May 26, 1987. By defendants' calculation, plaintiff's refiling of his petition on June 3, 1987, was untimely and thus barred by the FELA statute of limitations.

We hold that the judgment of the trial court is correct and must be affirmed. The language in *Burnett* is couched in terms of the time within which "an appeal may be taken." The question whether a judgment may be appealed is a matter of state law. A dismissal without prejudice which the plaintiff may cure by filing another suit in the same court, is not a final judgment from which an appeal may be taken under Missouri law because it lacks the hallmarks of a final judgment—it fails to dispose of all the issues and parties to the cause of action. *Miller v. Schultz*, 614 S.W.2d 11 (Mo.App.1981). There being no right in plaintiff to appeal from the original dismissal without prejudice, the 10 days provided in Rule 81.04(a) is not time within which an appeal "may be taken" within the meaning of *Burnett*.

Plaintiff argues that this conclusion is contrary to the purpose of the FELA statute of limitations. As *Burnett* points out, "a major reason for having a federal limitation provision was to achieve national uniformity." 380 U.S. at 434, 85 S.Ct. at 1058. By applying the idiosyncracies of a variety of state procedural rules regarding whether an appeal may be taken, plaintiff contends that a nonuniform limitation provision is produced, contrary to Congressional intent. The United States Supreme Court, however, recognized that the rule adopted in *Burnett*, could produce "a minor nonuniformity since the time allowed for taking an appeal is not the same in all states...." 380 U.S. at 435, 85 S.Ct. at 1058. We conclude that any nonuniformity produced by this decision is within the contemplation of *Burnett*, and consistent with the FELA statute of limitations as interpreted by the United States Supreme Court.

### III.

The judgment of the trial court is affirmed.

BILLINGS, C.J., and WELLIVER and COVINGTON, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed. RENDLEN and HIGGINS, JJ., dissent and concur in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

The order of dismissal for insufficiency of service of process was quite erroneous under Rule 55.27. The proper order would be an order quashing service, which would leave the plaintiff free to seek separate and additional summons in accordance with Rule 54.01. There is support for holding that an order quashing service is not appealable, because the plaintiff may correct the problems by effecting proper service. *See Continent Foods Corp. v. National-Northwood, Inc.*, 470 S.W.2d 315, 317 (Mo. App.1971). The court, instead, put this plaintiff out of court, thereby terminating the lawsuit before it. In this situation, the order is appealable. *See* Judge Rendlen's opinion in *Talkington v. J.S. Alberici Const. Co.*, 528 S.W.2d 5, 6 (Mo.App.1975), in which he well stated the governing principle as follows:

> At first blush it would appear the appeal is premature; however, examination of the record discloses the court treated de-

fendant's motion as other than a motion to quash and instead ordered dismissal. The order effectively disposed of plaintiffs' claim against defendant McLaughlin and having been specifically designated as a final separate judgment for purpose of appeal, is an appealable order....

I find nothing in the law saying that the plaintiff could not have filed a notice of appeal within the time limited by Rule 81.-04(a). This notice would be effective to take the case from the trial court and to lodge it in the appellate court. The plaintiff then would have the view of the appellate court as to the propriety of the dismissal. We cannot say with certainty that the plaintiff was relegated to the refiling of his improperly dismissed suit.

It makes no difference that the plaintiff did not attempt to appeal. We must decide a question of federal law. The Supreme Court of the United States has decreed a stricter limit on refiling than allowed by our "saving statute", § 516.230, RSMo 1986. Its limit makes specific mention of the time for appeal.

I of course am unmoved by the plaintiff's "equitable" arguments. The statute of limitations must be applied rigidly, if the time allowed has expired. But we should afford the plaintiff the full period allowed by the federal law, and our decision about the "time during which an appeal could be taken" should not be shortened if there is a colorable argument in favor of appellate jurisdiction.

I would reverse and remand for further proceedings.