Charles **HAGEN**, Kenneth Hagen, Sharon Lamson, and Kay Walch, Plaintiffs/Appellants,

v.

**RAPID AMERICAN CORPORATION,** Defendant/Respondent.

No. 56858.

Missouri Court of Appeals, Eastern District, Division Four.

May 22, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1990.

Mark I. Bronson, St. Louis, for plaintiffs/appellants.

Lawrence Bovard Grebel, St. Louis, for defendant/respondent.

CARL R. GAERTNER, Judge.

The posture in which this appeal is presented to us is indeed extraordinary. The complexity of the facts disclosed by the underlying litigation is exceeded only by the jurisdictional problems generated, in part, by the procedures adopted by the parties in the court below.

Plaintiffs are the husband and children of decedent, Gloria Hagen. In 1982, plaintiffs filed a wrongful death action after Gloria's death from mesothelioma, a rare form of cancer caused by asbestos. Plain-tiffs' petition named eighteen defendants—including Rapid American Corporation—alleging that defendants manufactured products containing asbestos that were used by Gloria's husband at his workplace in Missouri. Gloria developed cancer through exposure to asbestos when wash-ing her husband's work clothes. This expo-sure, we are told, occurred during the 1940's as mesothelioma is characterized by a latency period of up to 40 years.

Plaintiffs served Rapid American with process at its New York office. Rapid American responded by moving for an or-der to quash plaintiffs' service due to a lack of personal jurisdiction. Before trial, plaintiffs stipulated to a complete sever-ance of Rapid American from the case. Plaintiffs tried their case against the three remaining defendants, other defendants having either settled or been dismissed from the case. After a jury verdict, plain-tiffs obtained a judgment of $1,780,000 against those three defendants jointly and severally. After trial, the court heard and granted Rapid American's motion to quash service and dismissed plaintiffs' petition against Rapid American without prejudice for lack of personal jurisdiction. Plaintiffs appeal this order.

Plaintiffs predicate their claim of person-al jurisdiction over Rapid American upon the acts of Philip Carey Manufacturing Corporation. Plaintiffs allege that Philip Carey furnished asbestos products from 1948 through 1951 to the employer of Glo-ria's husband. Plaintiffs claim that Rapid American is the successor by merger to Philip Carey and therefore is subject to jurisdiction in Missouri under Missouri's Long Arm Statutes. The corporate history of Philip Carey has been described in suffi-cient detail during a prior, unrelated, dis-pute:

In 1888, the Philip Carey Manufactur-ing Corporation (Old Carey) was formed in Ohio. Effective June 1, 1967, Old Carey was merged with Glen Alden. On that same date, Glen Alden assigned all the assets and liabilities it acquired from Old Carey to a newly formed subsidiary, Philip Carey Manufacturing Corporation

(New Carey). In this transaction, New Carey agreed to assume all the liabilities of Old Carey and agreed to indemnify Glen Alden against any such liabilities, including the cost of defense or settlement of any such liabilities. After this transaction Glen Alden continued in operation. Glen Alden itself has never manufactured or sold asbestos, and plaintiff does not contend otherwise.

In 1968, Philip Carey Manufacturing Corporation changed its name to Philip Carey Corporation. In 1970, Philip Carey Corporation merged into Briggs Manufacturing Company and the surviving corporation adopted the name Panacon Corporation. In 1972, Celotex Corporation purchased the Panacon Corporation, and assumed all its liabilities. *Tretter v. Rapid American,* 514 F.Supp. 1344, 1346 (E.D. Mo.1981). After Celotex purchased Panacon from Glen Alden, Glen Alden and Rapid American merged. At the time of this merger, Glen Alden had divested all asbestos-related stocks and subsidiaries. Even so, plaintiffs claim that the acts of Old Carey subject Rapid American to personal jurisdiction under Missouri's Long Arm Statutes, §§ 506.500 RSMo. 1986 and 351.633 RSMo. 1986.

We are concerned here with wending our way through the tortuous path of corporate mergers, acquisitions and divestitures not in an effort to find an unbroken path through which liability for the acts of Old Carey may be imposed forty years later upon Rapid American. Rather, the question here presented is whether, by following the same path, we may impose upon Rapid American the jurisdictional effect of Old Carey's forty year old contacts with the state of Missouri. We perceive significant differences in the two journeys. In the first, we search for gaps or obstructions in the path which would interrupt or divert the flow of liability expressly assumed by contract or imposed by operation of law. In the latter, we look not only for

interruptions and diversions, but also to the length of the journey and the convolutions in the path between Old Carey and Rapid American in order to ascertain whether the path can surmount the test of due process under the Fourteenth Amendment which requires that a defendant have purposeful minimum contacts with the forum state and "should reasonably anticipate being haled into court there," *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980), so as to avoid offending "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945).[1] Nonetheless, dispositive of this appeal is the preliminary issue of our jurisdiction to consider the merits of the trial court's order.

Rapid American has moved to dismiss this appeal on the grounds that an order quashing service and dismissing for lack of in personam jurisdiction is, by definition, a non-appealable dismissal without prejudice. Rule 67.03. Sua sponte, we are constrained to address the additional jurisdictional question of whether plaintiffs are aggrieved parties entitled to appeal pursuant to § 512.020 RSMo. 1986. We first address this latter question.

The right of appeal exists solely by virtue of statute. *Harris v. Union Electric Co.,* 685 S.W.2d 607, 611 (Mo.App. 1985). Section 512.020 grants the right of appeal only to a "party to the suit aggrieved by any judgment of any trial court in any civil cause." A party is "aggrieved" when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is an immediate and not merely a possible remote consequence. *Hertz Corp. v. State Tax Comm'n,* 528 S.W.2d 952, 954 (Mo. banc 1975); *Horace Mann Ins. Co. v. Riley,* 716 S.W.2d 820, 822 (Mo.App.1986).

---

**1.** Intrigued though we may be with the opportunity to examine the propriety and advisability of applying the same rules of assumption of ascertainable commercial liability by a successor corporation to the assumption of unascertainable [and indeed in many instances non-existent for years in the future] products liability in the light of "traditional notions of fair play and substantial justice", we find ourselves unable to embark upon the journey.

■ Plaintiffs are not parties aggrieved by the order they seek to overturn on this appeal. First, by stipulating to the severance of Rapid American from the trial of their single indivisible cause of action against the remaining defendants, plaintiffs, in effect, voluntarily surrendered their claim against Rapid American. Our rules do not permit a plaintiff to split his cause of action and to try his single claim against different defendants seriatim. Moreover, plaintiffs' counsel in oral argument before this court concedes the only purpose of this appeal is to guard against a future possibility contingent upon the happening of two events. If the judgment plaintiffs have obtained against the remaining defendants is affirmed in the presently pending appeal by these defendants, plaintiffs do not dispute they would not be entitled to proceed against Rapid American. Plaintiffs' counsel argues that in the event that appeal results in a reversal of the judgment and a remand for a new trial, thus nullifying the supersedeas bonds posted by the appealing defendants, and in the further event of insolvency of those defendants plaintiffs may suffer a pecuniary loss if Rapid American is not made a party to the retrial. Such remote possibilities are entirely too tenuous to furnish present standing to plaintiffs as parties aggrieved by the order dismissing Rapid American without prejudice.

■ Furthermore, the remoteness and contingency of any possible future prejudice to the rights of plaintiffs demonstrate the validity of the rule that an order quashing service and dismissing a defendant for lack of personal jurisdiction is not an appealable final judgment. *Turnbow v. Southern Railway Co.*, 768 S.W.2d 556, 558 (Mo. banc 1989); *Schwenker v. St. Louis County Nat'l Bank*, 682 S.W.2d 868, 870 (Mo.App.1984); *Continent Foods Corp. v. Nat'l—Northwood, Inc.*, 470 S.W.2d 315, 317 (Mo.App.1971). Rule 67.03 and § 510.150 RSMo.1986 expressly provide that a dismissal for lack of jurisdiction is not to be considered as a dismissal with prejudice. If the Rule were otherwise, a plaintiff would lose his cause of action, be deprived of his day in court and of any consideration of the merits of his claim merely by the reason of the selection of the improper forum. The facts in the instant case provide an example for the potential for injustice. The remoteness and tenuous nature of the relationship between Rapid American and the acts of Old Carey forty years ago may well be considered in applying the "fair play and substantial justice" test for due process in exercising jurisdiction over a non-resident defendant. The same remoteness and tenuosity would not necessarily break the chain of assumed liability in an action brought in a state where the defendant conducts its business.

We are not unmindful of the recent opinion handed down by our colleagues in the Western District in *Dillaplain v. Lite Industries, Inc.*, 788 S.W.2d 530 (Mo.App. 1990). Although recognizing the general rule that an order quashing the service of process or an order dismissing for lack of personal jurisdiction is challengeable by extraordinary writ rather than by appeal, at 532, the *Dillaplain* court found such an order to be appealable under the circumstances of that case. The court concluded that the trial court's ruling that the defendant did not have sufficient minimum contacts with Missouri necessarily constituted a determination that the defendant had not committed a tort in Missouri and was therefore an adjudication on the merits, tantamount to a dismissal for failure to state a cause of action, and therefore a final appealable judgment. In reaching this conclusion, the court cited *Empiregas, Inc., of Noel v. Hoover Ball & Bearing Co.*, 507 S.W.2d 657, 660 (Mo.1974), in which a division of the Supreme Court had reached a similar conclusion, and three decisions of the Court of Appeals which followed the lead of Empiregas. *Watlow Electric Manufacturing Co. v. Sam Dick Industries, Inc.*, 734 S.W.2d 295 (Mo.App.1987); *Simpson v. Dycon Intern., Inc.*, 618 S.W.2d 455 (Mo.App.1981); *Talkington v. J.S. Alberici Const. Co.*, 528 S.W.2d 5 (Mo. App.1975).

In all four of these cases the appellate court reversed the order of dismissal and remanded the cases to the trial court for

further proceedings, thus avoiding any prejudice to the plaintiffs from treating the dismissal as a final adjudication on the merits. Because we have found an absence of jurisdiction based upon plaintiffs' lack of standing to appeal as aggrieved parties, we need not consider the precedential value of these cases if an affirmance of the order of dismissal were to be required. Nor need we address the question of the continued viability of the principles discussed in *Empiregas* in light of the more recent decision of the Supreme Court, en banc, in *Turnbow v. Southern Railway Co.*, 768 S.W.2d 556, 558 (Mo. banc 1989) (a dismissal without prejudice is not a final judgment from which an appeal may be taken).

Because we find plaintiffs were not aggrieved parties as a result of the order appealed from, the appeal is dismissed.

HAMILTON, P.J., and STEPHAN, J., concur.