**Louise C. BENNETT, et al., Plaintiffs–Appellants,**

v.

**RAPID AMERICAN CORPORATION, Defendant–Respondent.**

No. 73240.

Supreme Court of Missouri, En Banc.

Sept. 10, 1991.

Mark I. Bronson, St. Louis, for plaintiffs-appellants.

Lawrence B. Grebel, St. Louis, Paul H. Aloe, New York City, for defendant-respondent.

RENDLEN, Judge.

These are consolidated claims for injury or wrongful death against a group of companies engaged in the manufacture or sale of asbestos products from which plaintiffs or their decedents allegedly contracted asbestosis and other asbestos-related diseases. Plaintiffs appeal from the order of the trial court dismissing their petitions against defendant Rapid American Corporation for lack of in personam jurisdiction. The causes are here on transfer from the Missouri Court of Appeals, Eastern District. We reverse and remand.

There is no contention that Rapid American has had any direct or other contact with Missouri or has been involved in the sale or manufacture of asbestos. Rather, plaintiffs rest their claim of jurisdiction on the activities of Philip Carey Manufacturing Company (Old Carey), a seller of insulation products, and its corporate relationship to Rapid American. Old Carey was an Ohio corporation headquartered in that state and which merged into Glen Alden Corporation on June 1, 1967; the assets, liabilities and business operations of Old Carey were simultaneously transferred to a separate subsidiary, Philip Carey Manufacturing Corporation (New Carey), which changed its name to Philip Carey Corporation in February 1968. New Carey continued to conduct the asbestos business, in which Glen Alden itself was not involved.

In 1970, New Carey merged with Briggs Manufacturing Company, forming the Panacon Corporation, and in 1972, Glen Alden sold its majority stock interest in Panacon

to the Celotex Corporation, which soon thereafter merged Panacon into itself. Celotex continued the use of the Old Carey trademarks and Glen Alden later merged with Rapid American Corporation, assuming the name of the latter. The new company then merged with Kenton Corporation to form Rapid American Corporation, the present defendant. There is no contention that the companies presently comprising defendant were themselves engaged in the asbestos business; rather, the assertion of jurisdiction is premised on the June 1, 1967 merger of Old Carey into Glen Alden.

First noting that the trial court's order was a final appealable order, we turn to the question of personal jurisdiction. Although *Tretter v. Rapid American Corporation*, 514 F.Supp. 1344 (E.D.Mo.1981), held that the 1967 merger caused Rapid American to assume the liabilities of Old Carey, including product liability claims, as a matter of corporate law, Rapid American's amenability to suit is a separate question. *See Witt v. Scully*, 539 F.2d 950, 951–52 (3rd Cir.1976). A myriad of cases hold that a corporation may be subject to personal jurisdiction if its predecessor had sufficient contacts with the state to allow the exercise of jurisdiction. *E.g., Green v. Montgomery Ward & Co., Inc.*, 775 S.W.2d 162, 166 (Mo.App.1989); *United States v. Bliss*, 108 F.R.D. 127, 133–34 (E.D.Mo. 1985); *Williams v. Bowman Livestock Equipment Co.*, 927 F.2d 1128, 1132 (10th Cir.1991); *City of Richmond, Virginia v. Madison Management Group, Inc.*, 918 F.2d 438, 454–55 (4th Cir.1990); *Duris v. Erato Shipping, Inc.*, 684 F.2d 352, 356 (6th Cir.1982), *cert. granted on other grounds*, 459 U.S. 1014, 103 S.Ct. 371, 74 L.Ed.2d 506 (1982); *Explosives Corp. of America v. Garlam Enterprises Corp.*, 615 F.Supp. 364, 367 (D.C.P.R.1985); *Bowers v. Neti Technologies*, 690 F.Supp. 349, 360–61 (E.D.Pa.1988); *Goffe v. Blake*, 605 F.Supp. 1151, 1154 (D.Del.1985); *Cole v. Caterpillar Machinery Corp.*, 562 F.Supp. 179 (M.D.La.1983); *Maryland National Bank v. Shaffer Stores Co.*, 240 F.Supp. 777, 783–85 (D.Md.1965); *Simmer v. American Cyanamid Corp.*, 394 Pa.Super.

464, 576 A.2d 376, 385–90 (1990). Plaintiffs must show that defendant committed a tort in Missouri, that the action caused the plaintiff's injury, § 506.500, RSMo 1986, and that defendant has sufficient purposeful minimal contacts with this state so that it "should reasonably anticipate being haled into court here," and thus avoid offending "traditional notions of fair play and substantial justice." *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). *See also State ex rel. Ranni Associates, Inc. v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987).

Our task is somewhat complicated by the record provided in this case, for as noted above, this is the consolidation of twelve different actions. One of these, *Charles Hagen v. Celotex Corporation, et al.*, No. 872–01433, is a claim for personal injuries brought by Mr. Hagen. A related case, *Charles Hagen, et al., v. Celotex Corporation, et al.*, No. 882–01508, is a wrongful death action brought by Charles Hagen and his children for the death of his wife, Gloria. The trial court dismissed the wrongful death action against Rapid American for lack of personal jurisdiction, but in that case plaintiffs stipulated as to the severance of Rapid American from the trial which proceeded against the remaining defendants. Plaintiffs then appealed from the order of dismissal as to Rapid American but the court of appeals dismissed their appeal for lack of standing. *Hagen v. Rapid American Corp.*, 791 S.W.2d 452, 455 (Mo.App.1990). The subsequent trial against the remaining defendants resulted in a jury verdict of two million dollars for plaintiffs, and the opinion on appeal from that decision is handed down this day. *Charles Hagen, et al., v. Celotex Corp.*, 816 S.W.2d 667 (Mo. banc, 1991).

When the instant action (for personal injury) was pending in the court of appeals, plaintiffs sought to file a deposition taken in the wrongful death action, as well as a deposition taken in *Tretter v. Rapid American Corp.*, 514 F.Supp. 1344, cited above. The court of appeals, as do we, properly refused to review documents not weighed

by the trial court because materials not considered by the trial court may not be considered on this appeal. *Landmark North County Bank & Trust Co. v. National Cable Training Centers, Inc.*, 738 S.W.2d 886, 889 (Mo.App.1987). Plaintiffs also seek to file the record of Charles Hagen's trial testimony from the wrongful death action, and similarly we refuse to consider this material not before the trial court in the instant case. Further, although twelve cases have been consolidated here, the legal file contains only the documentation pertinent to *Louise C. Bennett v. Celotex Corporation, et al.*, No. 842–04784. Plaintiffs, however, have filed a motion to supplement the legal file with the petitions, answers, crossclaims and docket sheets in the *Hagen* personal injury action, as well as two of the other cases consolidated herein. As these materials were by definition before the trial court, we grant this motion to supplement the legal file.

We turn now to the allegations of jurisdiction in the petitions, which contain the following language:

The defendants, and each of them, are corporations who are amenable to the jurisdiction in the Courts of Missouri by their respective conduct of substantial and/or systematic business in Missouri and by the transactions, conduct and occurrences hereinafter described which subjects them to the jurisdiction of Missouri and service of process in accordance with Sections 506.500 et seq., 351.-630, 351.633, 355.375 R.S.Mo. and each corporation, presently or in the past, mines, manufactures, processes, imports, converts, compounds, and/or distributes, sells and retails substantial amounts of asbestos and asbestos related materials and which are sold, distributed, placed into the stream of commerce and used in Missouri.

\* \* \* \* \* \*

That the defendants, and each of them, were at all times relevant hereto miners, manufacturers, processors, importers, converters, compounders and/or distributors, sellers and retailers of asbestos and asbestos related insulation materials.

\* \* \* \* \* \*

The defendants, and each of them, acting through their agents, servants, and/or employees cause and have caused in the past certain asbestos and asbestos related insulation materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos related materials came into use by the plaintiff's decedent herein and caused and contributed to cause his death.

The *Bennett* petition alleges:

That Fred Bennett, plaintiff's decedent herein, was an insulator, who for a long period of time worked with and was exposed to the asbestos and asbestos related insulation and pipe covering materials provided and furnished for use by defendants, and mined, manufactured, processed, imported, converted, compounded, distributed and/or sold by the defendants.

The other petitions contain similar language but specify a number of years, each encompassing a period prior to 1967.

Plaintiffs concede that only the actions of Old Carey (before the merger of 1967) can serve to impose liability on defendant, for Rapid American and Glen Alden, its predecessor, have had no involvement with asbestos manufacture and sale and no contacts with Missouri, and we find no allegation in the petitions under § 506.500.1(1) sufficient to demonstrate that Old Carey transacted business in the State of Missouri. The petitions do not address the dates of manufacture or sale of products of Old Carey to which plaintiffs or their decedents were exposed, and thus fail to indicate whether the injuries alleged arose from pre-merger manufacture or sale of Old Carey Products.

In *Green v. Montgomery Ward*, 775 S.W.2d 162, 166 (Mo.App.1989), the court, on review of the motion to dismiss for lack of jurisdiction, found the record inadequate to determine whether the predecessor corporation had the requisite minimum contacts and thus the court reversed the trial court's dismissal and remanded to allow

the codefendant (also a third party claimant) the opportunity to conduct discovery on the jurisdictional issue. Similarly, these consolidated cases are remanded for further proceedings with directions that the trial court shall liberally grant leave to amend the petitions. Rule 55.33(a).

Reversed and remanded for further proceedings consistent with this opinion.

ROBERTSON, C.J., COVINGTON and HOLSTEIN, JJ., and MORGAN, Senior Judge, concur.

BLACKMAR, J., concurs in part and dissents in part in separate opinion filed; HIGGINS, Senior Judge, concurs in part and dissents in part and concurs in concurring in part and dissenting in part opinion of BLACKMAR, J.

BENTON, J., not participating because not a member of the Court when the case was submitted.

BLACKMAR, Judge, concurring in part and dissenting in part.

The principal opinion properly holds that the order of the trial court, which effectively puts the plaintiffs out of court in their chosen forum insofar as Rapid American Corporation is concerned, is final and appealable, even though, as a dismissal for want of jurisdiction over the person, it is necessarily a dismissal without prejudice. *Rule 67.03.*

The principal opinion has potential for confusion in discussing immaterial facts. As the opinion points out, Philip Carey Manufacturing Company (colloquially known as Old Carey) was merged into Glen Alden Corporation on June 1, 1967. Glen Alden Corporation later merged with Rapid American Corporation, assuming the name of the latter. The subsequent merger involving Kenton Corporation does not alter the operative facts. Old Carey and Rapid American, in legal contemplation, are constituent parts of the same corporation. The liabilities of Old Carey passed to Glen Alden and then to Rapid American by operation of law. *See Victor v. Home Savings of America,* 645 F.Supp. 1486 (E.D.Mo.

1986). It makes no difference which of the parties to the merger is the "survivor," or whether Rapid American and Old Carey engaged in the same business. Rapid American is not helped by the showing that Glen Alden, following its merger with Old Carey, never had anything to do with asbestos. Even though another corporation had acquired Old Carey's asbestos business and had assumed its liabilities by contract, no such contract would divest the rights of persons having proper claims against Old Carey. An assignor remains liable to persons who are not parties to the assignment transaction. *See Crow v. Kaupp,* 50 S.W.2d 995 (Mo.1932).

The principal opinion produces conceptual confusion by the following statements:

There is no contention that Rapid American has had any direct or other contact with Missouri or has been involved in the sale or manufacture of asbestos.

\* \* \* \* \* \*

There is no contention that the companies presently comprising defendant were themselves engaged in the asbestos business.

\* \* \* \* \* \*

It is also confusing to refer to Rapid American as the *successor* to Old Carey. Old Carey, rather, is a constituent part of Rapid American, and so it is one of the companies "presently comprising defendant...." Rapid American, by reason of its Old Carey component, once engaged in the asbestos business.

Likewise confusing is the discussion of the history of Old Carey's asbestos business after it was transferred to New Carey at the time of the Glen Alden merger. This history is legally insignificant in determining whether Rapid American can be subjected to Missouri jurisdiction.

If Old Carey sold defective and unreasonably dangerous asbestos products to Missouri purchasers, and if persons suffered injury by using the products supplied directly or indirectly by these purchasers, then Old Carey committed a tort in Missouri sufficient to support jurisdiction of

our courts over Rapid American, of which Old Carey is a constituent part. § *506.500.1(3), RSMo 1986.* The cases cited in the principal opinion demonstrate that, if there is a merger, the basis for longarm jurisdiction against constituent corporations continues.

By looking through the legalistic verbiage, I am persuaded that the several petitions are minimally sufficient to charge that Old Carey sold to Missouri purchasers defective asbestos products that were used by the plaintiffs, or by plaintiffs' decedents, and that damage resulted. The defendants seek to support the decision of the trial court principally by talking about the liability of Rapid American, which they conceive to be something different from Old Carey. This argument, for the reasons stated, is not sound. Defendants' motion papers show no denial of the claim that Old Carey made sales to Missouri purchasers.

It is true that the respondent's brief raises the following point:

A. PLAINTIFFS HAVE NOT SHOWN THAT OLD CAREY WOULD BE SUBJECT TO MISSOURI JURISDICTION BECAUSE THEY HAVE NOT SHOWN THAT EITHER THEY OR THEIR DECEDENTS WERE INJURED AS A RESULT OF EXPOSURE TO OLD CAREY ASBESTOS;

This contention was not included in the motion to dismiss. Moreover, it misses the point. If the allegations of the plaintiffs' petition sufficiently allege a sale to a Missouri purchaser, together with the other elements of liability, this is sufficient to require a defense. If the plaintiffs cannot establish that they or their decedents were injured as a result of exposure to asbestos manufactured or sold by Old Carey then the court would be obliged to direct a verdict on the merits, not because of any absence of personal jurisdiction but because the plaintiff has not made a case for liability.[1]

I gather from the principal opinion that the plaintiffs will now be able to file amended petitions alleging that Old Carey made sales to Missouri purchasers of defective products containing asbestos and that the plaintiffs or their decedents sustained injuries because of exposure to the products so sold. Perhaps such an amendment would be desirable from the standpoint of clarity, but I do not believe that we should mandate it under the pleadings and issues made by the parties on the motion to dismiss. The portions of the Bennett petition quoted in the principal opinion contain factual allegations which are minimally sufficient to support jurisdiction. I would agree with the proposition that one who relies on longarm service should take care to demonstrate the basis for jurisdiction over the person in the pleading.

Consequently, I would reverse the judgments of dismissal and would remand the cases with directions to overrule the motions to dismiss.

---

1. I concede the theoretical possibility that the proof at trial might disestablish the basis for jurisdiction, if the evidence showed neither sale nor exposure in Missouri, even though it established exposure and injury elsewhere. But I doubt very much that this will be the case as to any of the plaintiffs.