A92A1222. PARHAM v. NORFOLK SOUTHERN RAILWAY COMPANY.
(426 SE2d 597)

ANDREWS, Judge.

Parham, injured while working for Norfolk Southern, appeals the dismissal of his FELA action against the railway, based on the FELA statute of limitations, 45 USCA § 56.

Parham was injured on December 6, 1987, and filed his FELA action in Fulton State Court on November 29, 1990, within the three-year statute. On March 19, 1991, Parham filed his voluntary dismissal of that suit under OCGA § 9-11-41 (a). On August 21, 1991, Parham filed the identical lawsuit in the same court, contending that this was a renewal suit, pursuant to OCGA § 9-2-61 (a).

Section 56 provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." In determining that the savings provisions of OCGA § 9-2-61 (a) were not applicable to a FELA action, the trial

court felt bound, as do we, by *Smith v. Seaboard System R.*, 179 Ga. App. 822 (348 SE2d 97) (1986). Commenting on the Supreme Court's holding in *Burnett v. New York Central R.*, 380 U. S. 424 (85 SC 1050, 13 LE2d 941) (1965), this court in *Smith* noted that, although saving statutes such as OCGA § 9-2-61 (a) would extend the statute of limitation for cases dismissed for procedural reasons such as improper venue, the Supreme Court "refused to incorporate the saving statutes into the FELA statute of limitation because the variety of saving statutes 'would produce nonuniform periods of limitation in the several States.' [*Burnett*,] at 433." *Smith*, supra at 823. See also *Royster Co. v. Eastern Distribution*, 378 SE2d 71 (S.C. App. 1989).

In *J. F. Barton Contracting Co. v. Southern R. Co.*, 191 Ga. App. 13 (380 SE2d 724) (1989), cert. denied, 191 Ga. App. 922, dealing with the mandatory five-year rule of OCGA § 9-2-60, we again relied on *Burnett* and *Smith* to find that voluntary dismissal under OCGA § 9-2-61 in order to avoid dismissal with prejudice under § 9-2-60 did not operate to save a cause of action under the Interstate Commerce Act.

Therefore, there was no error.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 30, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992 ▮▮▮▮▮▮▮▮

*Wilson, Strickland & Benson, Warner R. Wilson, Jr., Mary M. Brockington*, for appellant.

*Neely & Player, Edgar A. Neely, Jr., William C. Thompson, Laura A. Shaw*, for appellee.