## JEFFREY v RAPID AMERICAN CORPORATION

Docket Nos. 151835-151840, 151850-151854, 152454, 152931, 152984, 152985, 152988, 152990, 152994, 153670, 153671, 155041-155052, 155793-155798, 156121, 156870-156882, 157109-157111, 157285, 157291. Submitted January 11, 1993, at Lansing. Decided June 8, 1993, at 9:20 A.M. Leave to appeal sought.

Hector J. Jeffrey and others in the Wayne Circuit Court, Margaret L. Woodyard in the Muskegon Circuit Court, Iris L. and Raymond J. Peppers in the Midland Circuit Court, Glenn R. and Patricia Beardslee in the Genesee Circuit Court, and Agnes L. Sabol (personal representative of George T. Sabol, deceased) and others in the Saginaw Circuit Court brought personal injury actions against Rapid American Corporation, a Delaware corporation, relating to asbestos-containing goods manufactured and distributed in Michigan by Philip Carey Manufacturing Corporation. The assets and liabilities of Philip Carey had been assumed by Glen Alden Corporation, which in turn had merged with Rapid American. The Wayne Circuit Court, Robert J. Colombo, Jr., J.; the Muskegon Circuit Court, Michael E. Kobza, J.; the Midland Circuit Court, Paul J. Clulo, J.; the Genesee Circuit Court, Valdemar L. Washington, J.; and the Saginaw Circuit Court, Leopold P. Borrello, J., denied summary disposition for Rapid American, which had argued that the courts lacked personal jurisdiction over it. Rapid American appealed by leave granted the orders denying summary disposition. The appeals were consolidated.

The Court of Appeals *held:*

A nonresident successor corporation's amenability to suit is determined through a due process analysis. To be amenable to suit, such a defendant must have contemplated being haled into court to answer for any damages allegedly caused by the actions of its predecessor. In this case, Rapid American, in merging with Glen Alden, clearly and unambiguously assumed the liabilities Glen Alden had acquired from Philip Carey.

REFERENCES

Am Jur 2d, Parties § 41.
See ALR Index under Jurisdiction.

Rapid American therefore had warning that it could be subject to suit in states in which Philip Carey did business.

Affirmed.

COURTS — PERSONAL JURISDICTION — FOREIGN CORPORATIONS — SUCCESSOR CORPORATIONS.

The amenability of a nonresident successor corporation to suit relating to its predecessor's activities in the forum state is determined through a due process analysis; such a defendant may be deemed to have contemplated being haled into court to answer for any damages allegedly caused by the actions of its predecessor where it clearly and unambiguously assumed the liabilities of the predecessor (MCL 600.715; MSA 27A.715).

*Michael B. Serling, P.C.* (by *Michael B. Serling* and *William T. Russell*), *Henderson & Goldberg, P.C.* (by *Joel I. Persky, Lane A. Clack,* and *James M. Hession*), and *Tybe A. Brett,* for the plaintiffs.

*Kazul & Associates, P.C.* (by *Stan C. Kazul* and *John J. Schutza*), and *Rubin Baum Levin Constant & Friedman* (by *Paul H. Aloe*), for the defendant.

Before: FITZGERALD, P.J., and SHEPHERD and JANSEN, JJ.

PER CURIAM. Defendant Rapid American Corporation appeals by leave granted numerous orders denying its motion for summary disposition filed in these asbestos personal injury cases. We affirm in each case.

These cases deal with the issues of Rapid's successor liability and the authority of Michigan courts to exercise personal jurisdiction over Rapid. In 1888, Philip Carey Manufacturing Corporation (Old Carey) was incorporated in Ohio. Old Carey manufactured products containing asbestos. These products were distributed in Michigan. On June 1, 1967, Old Carey merged with Glen Alden Corporation, a Delaware corporation not engaged in the asbestos business. The merger agreement provided

that Glen Alden would assume all assets and liabilities of Old Carey. On June 1, 1967, all assets and liabilities of Old Carey were assigned to Philip Carey Manufacturing Company (New Carey). New Carey operated as a subsidiary of Glen Alden. In 1970, New Carey merged with Briggs Manufacturing Company and changed its name to Panacon Corporation. Glen Alden owned the majority of Panacon stock. In 1972, Glen Alden sold its remaining Panacon/New Carey stock to Celotex Corporation. Celotex assumed all assets and liabilities, including those remaining from Old Carey. After selling its stock in Panacon/New Carey to Celotex, Glen Alden merged into Rapid's corporate structure to form a Delaware corporation called Rapid American. The merger agreement provided in part as follows:

> [B]ut all rights of creditors and all liens upon any property of any of the Constituent Corporations [Glen Alden and Rapid] shall be preserved unimpaired, and all debts, liabilities and duties of the Constituent Corporations shall thenceforth attach to the Surviving Corporation [Rapid] and *may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.* [Emphasis supplied.]

In 1980, Rapid merged with Kenton Corporation to form the present Rapid American Corporation.

Celotex was named as a defendant in asbestos personal injury cases on the basis of the alleged liability of Old Carey. After Celotex commenced bankruptcy proceedings in 1990, Rapid was added as a party defendant in actions filed against Celotex and numerous other defendants.

Rapid filed motions for summary disposition pursuant to MCR 2.116(C)(1), arguing that Michigan could not exercise personal jurisdiction over it

solely on the basis that it was the successor to Old Carey. Plaintiffs asserted that jurisdiction arose because Rapid assumed the liabilities of Old Carey as its successor in interest through Glen Alden. In each of the instant cases, the trial court denied Rapid's motion for summary disposition. The courts found that Rapid was subject to suit in Michigan on the basis of the doctrine of successor liability. Glen Alden expressly assumed the assets and liabilities of Old Carey. Rapid, as successor corporation, became responsible for the liabilities of Old Carey. The various trial courts either rejected or did not address Rapid's argument that amenability of a successor corporation to suit is a separate issue that must be resolved pursuant to a due process analysis.

On appeal, Rapid does not dispute that a successor corporation may be held liable for the obligations of its predecessor, and for purposes of these appeals does not argue that it is not the successor corporation to Old Carey. However, Rapid contends that the amenability of the successor corporation to suit is a separate question that must be resolved pursuant to a due process analysis. Rapid asserts that a state may exercise personal jurisdiction over a nonresident defendant only if minimum contacts exist between the defendant and the forum state. MCL 600.715; MSA 27A.715. These minimum contacts must exist so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945). The defendant must do some act by which it purposefully avails itself of the privilege of conducting business in the forum state. The claim must arise out of or result from the defendant's forum-related activities. *Witbeck v Bill Cody's Ranch Inn,* 428 Mich 659; 411 NW2d 439 (1987);

see also *Inter-Americas Ins Corp, Inc v Xycor Systems, Inc*, 757 F Supp 1213 (D Kan, 1991).

Rapid asserts that even assuming that it is the successor corporation to Old Carey, it is not amenable to suit in Michigan on the basis of the acts of Old Carey. The issue of due process must be addressed. A defendant over whom jurisdiction is sought must have contemplated being haled into court to answer for any damages allegedly caused by the actions of its predecessor. Rapid contends that by virtue of the merger that passed Old Carey's assets and liabilities through Glen Alden to New Carey, Glen Alden could not be said to have contemplated the assumption of liability for any damages caused by Old Carey's manufacture and distribution in Michigan of products containing asbestos. Rapid concludes that as Glen Alden's successor, it cannot be held responsible for Old Carey's liabilities. *Inter-Americas, supra* at 1218, 1220; *Hagen v Rapid American Corp*, 791 SW2d 452 (Mo App, 1990).

We disagree. By merging with Glen Alden and assuming the liabilities of that corporation, and agreeing to the enforcement measures as stated in the agreement, Rapid, a sophisticated national corporation, clearly and unambiguously assumed the liabilities of Old Carey that remained in Glen Alden. Glen Alden could not have failed to contemplate the assumption of liabilities from any damages caused by Old Carey's manufacture and distribution in Michigan of products containing asbestos. Rapid expressly assumed the liabilities of Glen Alden and the above-referenced means of enforcement; therefore, it cannot be said that Rapid lacked warning that it would be subject to suit in forums in which Old Carey, the predecessor to a former Glen Alden subsidiary, did business

and would have been liable to suit. *Tretter v Rapid American Corp,* 514 F Supp 1344 (ED Mo, 1981). Rapid's reliance on *Inter-Americas, supra,* is inappropriate. In that case, the successor corporation purchased the assets of the predecessor corporation, but did not expressly assume that predecessor's secondary liability remaining from a transaction completed before the sale of the assets. In the instant case, there was an express assumption of liabilities at each relevant merger, including the merger of Glen Alden and Rapid.

We do not hold that a corporation's mere assumption of the liabilities of another corporation gives rise to jurisdiction under all circumstances. Each case must be examined individually. Assumption of liabilities and jurisdiction are, and will remain, separate issues. However, in these cases, Rapid's express and unequivocal assumption of Glen Alden's liabilities, which included the remaining liabilities of Old Carey, give it sufficient contacts with Michigan to make it amenable to suit in this forum.

Affirmed.