James I. TALKINGTON, a minor, by James Lee Talkington, his next friend, et al., Plaintiffs-Appellants,

v.

J. S. ALBERICI CONSTRUCTION COMPANY, a corporation, and Lyle V. McLaughlin, Defendant-Respondent.

No. 35758.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 9, 1975.

Cox & Moffitt, Dallas W. Cox, Jr., St. Louis, for plaintiffs-appellants.

Richard E. Baker, Kirkwood, for defendant-respondent.

RENDLEN, Judge.

Plaintiffs appeal from an Order of the Circuit Court of St. Louis County sustaining defendant Lyle V. McLaughlin's motion to quash service of process. By amended petition filed March, 1973, plaintiffs charged McLaughlin and co-defendant J. S. Alberici Construction Company with defective design, construction and installation of storm sewer grates, one of which allegedly caused minor plaintiff James T. Talkington to be thrown from his bicycle with resulting personal injuries.

Appearing specially and for the limited purpose of his motion, defendant McLaughlin moved the court to quash service of process. In support of that motion McLaughlin claimed to be acting within the course and scope of his authority as an official of the State of Missouri at the times mentioned in plaintiffs' petition and entitled to immunity from suit as a public official and agent of the State. The trial court sustained the motion to quash on the 4th of October, 1973, followed by plaintiffs' timely notice of appeal and jurisdictional statement. On the 23rd of October, the court made the following additional order:

"The order sustaining defendant McLaughlin's motion to quash shall be deemed a final separate judgment for purpose of appeal."

Defendant McLaughlin has filed two motions to dismiss the appeal. The first charging appellants' brief with failure to meet the requirements of Rule 84.04, V.A.M.R., is not well taken and therefore denied. The second asserts the quashing order was not a final and appealable order. Considering that motion, we recognize that an order which does no more than quash purported service of process does not constitute a final judgment from which an appeal will lie, *Continental Food Corporation v. National-Northwood, Inc.*, 470 S.W.2d 315, 317[3] (Mo.App.1971), since, when the writ is quashed, the case stands as if no writ had been issued. At first blush it would appear the appeal is premature; however, examination of the record discloses the court treated defendant's motion as other than a motion to quash and instead ordered dismissal. The order effectively disposed of plaintiffs' claim against defendant McLaughlin and having been specifically designated as a final separate judgment for purpose of appeal, is an appealable order. Rule 81.06, V.A.M.R.; *Spires v. Edgar*, 513 S.W.2d 372 (Mo. banc 1974). Defendant's motion to dismiss the appeal as premature is denied, permitting consideration of the merits.

Defendant's motion, captioned "motion to quash" is in pertinent part as follows:

"Comes now Defendant Lyle V. McLaughlin and through his Attorney Richard E. Baker, and appearing specially and for this limited purpose moves the Court to make and enter its Order Quashing service of process herein, . . ."[1]

---

1. We assume McLaughlin framed his motion as one to quash seeking to preserve his special appearance yet raise a jurisdictional challenge. The motion to quash was inappropriate since under the then applicable Rule 55.31, (all rules are cited as effective at the time of trial unless otherwise noted) such matters could be raised by motion re-

Defendant cites several cases for the proposition that a motion to quash is appropriate to stop inquiry at the threshold of a proceeding; however, the Missouri and Federal cases cited involve either motions to dismiss or for summary judgment rather than motions to quash and thus provide no support for defendant's contention.

It is apparent from the record of the motion hearing that plaintiffs reasonably believed the motion to be what it appeared on its face (i. e., a motion to quash service of process) and correctly argued the tendered testimony in support of the motion was irrelevant.[2] Though plaintiffs were correct in that contention as the tendered testimony was irrelevant and nothing appears to justify a quashing order, it is apparent the court treated the motion as one in the nature of a speaking motion to dismiss under Rule 55.31, V.A.M.R., (§ 509.-290, V.A.M.S.), or as a motion for summary judgment under the provision of Rule 74.04, V.A.M.R.[3] To some extent Rule 55.31 (effective when the motion was submitted) and the summary judgment procedure under Rule 74.04 were cumulative; however, defendant did not comply with the procedural requirements of either.

 Plaintiffs understandably complain there was no reasonable opportunity at that point in the proceeding for them to present evidence that defendant McLaughlin was in fact not entitled to claim governmental immunity. Plaintiffs could reasonably expect the hearing on the motion to quash was to test the sufficiency of service of process and were not chargeable with foreknowledge that the court would treat it otherwise. They were effectively denied a reasonable opportunity to prepare or present evidence in support of their contention that McLaughlin was in fact not entitled to claim immunity provided by the doctrine. On remand, defendant may take further action to raise the sovereign immunity question by appropriate pre-trial proceeding; however, plaintiffs must have the opportunity to raise the factual issues by appropriate affidavit or other proof under the procedure currently provided by the Rules. The cause is remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and remanded.

WEIER, P. J., and DOWD, J., concur.

questing dismissal "whether or not the same may appear from the pleadings and other papers filed in the cause," Rule 55.31(a), § 509.290, V.A.M.S. It may be filed simultaneously with pleadings, Civil Rule 55.36, § 509.330, or joined with other motions provided for and then available to the defendant, Civil Rule 55.37, § 509.340, without waiver of the objection as to lack of jurisdiction over the person. As pointed out in *Greenwood v. Schnake*, 396 S.W.2d 723, 726 (Mo.1965), "having properly and timely filed his motion raising the jurisdictional question a defendant may thereafter plead over, . . . utilize all of the procedures available in preparation for trial . . . actually try the case on the merits . . . without the necessity of making the choice, upon the overruling of the jurisdictional motion, of withdrawing from the action and suffering a default judgment or waiving the jurisdictional question. . . . A defendant may perform these acts and thus enter and probe into the merits of the case without the necessity of making the time-honored 'special appearance' or reserving the jurisdictional point at each stage of the procedure."

2. Defendant offered to testify that he was an agent and official of the State of Missouri, acting within the course and scope of his authority, and plaintiffs preserving their objection as to relevance, stipulated that defendant would so testify, without admitting to the truth of that testimony.

3. The motion was not determined as one to dismiss for failure to state a cause of action under Rule 55.33 since the court received and considered extraneous proof in making its ruling.