Rosetta ELLIS, Appellant,

v.

The JEWISH HOSPITAL OF ST. LOUIS and Mark R. Russell, Respondent.

No. 40705.

Missouri Court of Appeals, Eastern District, Division Three.

April 3, 1979.

Harold L. Whitfield, St. Louis, for appellant.

Norman Bierman, St. Louis, for respondent.

REINHARD, Presiding Judge.

This is an action for libel as defined in § 559.410 RSMo (1969). Plaintiff brought this action against her former employer, Jewish Hospital of St. Louis, and its Assistant Executive Director, Mark R. Russell. The trial court granted defendants' motions to dismiss and plaintiff appeals.

From the record we learn that defendant Jewish Hospital of St. Louis hired plaintiff as a staff pharmacist on or about November 29, 1965. Plaintiff was promoted to Assistant Chief Pharmacist in 1967 and became Director of Pharmacy in 1973. Plaintiff resigned from her position as Director of Pharmacy by a letter dated June 2, 1976, said resignation allegedly effective July 16, 1976.

In August of 1976, plaintiff filed a Petition for Specific Performance in which she sought an order requiring defendants to compensate plaintiff at her regular wage for the period June 8, 1976 to July 16, 1976,

and requiring defendants to expunge certain statements from her personnel file. Upon defendants' motions, the court dismissed plaintiff's petition without prejudice, allowing plaintiff ten days to file another cause of action in law.

On November 9, 1976, plaintiff filed a Petition for Damages alleging that defendant Mark Russell, as agent of defendant Jewish Hospital, had libeled defendant by making certain evaluations and causing them to be incorporated in her personnel file. The trial court granted defendants' separate motions to dismiss plaintiff's petition for damages, but allowed plaintiff ten days to file an amended petition alleging special damages.

Plaintiff then filed her First Amended Petition for Damages, in which petition she alleged, inter alia, that defendant Mark Russell, while acting within the scope of his authority, had "intentionally, wantonly and maliciously libeled Plaintiff in describing to others an alleged need for Plaintiff to improve her interpersonal relationship skills and personnel management, and has caused such untrue statements to become incorporated in the official personnel file of the plaintiff." Plaintiff then alleged that, "[a]s a direct and proximate cause of the intentional, wanton, and malicious libel of plaintiff," she had suffered a loss of wages in the amount of $10,800 from the period June 8, 1976 to September 16, 1977, and has been unable to find employment since September 16, 1977. Again the trial court sustained defendants' separate motions to dismiss. Plaintiff appeals from the dismissal.

On appeal, plaintiff asserts that the trial court erred in granting defendants' motions to dismiss, because there remained "a genuine issue as to the truth of the statements made by Mark R. Russell," and because the trial court failed to construe the petition liberally and favorably so as to allow the recognition of this issue.

■ The record reveals that the deposition of plaintiff was presented to the trial court and were filed as exhibits in this court. Because matters outside the pleadings were presented and considered by the trial court, defendants' motions as granted will be treated as motions for summary judgment. Rule 55.27(b); *Empiregas, Inc., of Noel v. Hoover Ball & Bearing Co.*, 507 S.W.2d 657, 660, Fn. 4 (Mo.1974); *Talkington v. J. S. Alberici Const. Co.*, 528 S.W.2d 5, 7, Fn. 3 (Mo.App.1975); *Kelley v. Schnebelen*, 545 S.W.2d 332, 334 (Mo.App.1976).

A reading of the record, including plaintiff's deposition, shows that defendant Russell was plaintiff's supervisor and that defendant Russell's duties included an annual evaluation of plaintiff's job performance and the placement of this evaluation in plaintiff's personnel file, a part of the defendant hospital's records. In 1975 and 1976, Russell evaluated in written form plaintiff's job performance. Plaintiff alleges that it was libelous for defendant Russell to describe her in these annual assessments as possessing "poor interpersonal relationship skills," as having "a flagrant disregard for others," and as lacking "interpersonal relationship skills."

■ Libel, as defined in § 559.410 and the relevant case law, requires a publication. *McDonald v. R. L. Polk & Co.*, 346 Mo. 615, 142 S.W.2d 635, 638 (1940). Plaintiff's deposition reveals that the alleged publication in this case comprised the inclusion of these evaluations in plaintiff's personnel file and the reading of these evaluations by those who were plaintiff's supervisors and administrative superiors. Furthermore, the evaluations were only those which defendant Russell was required to make. This communication of employee personnel files, containing required evaluation material, to supervisory personnel within the hospital itself does not constitute actionable publication. See *Hellesen v. Knaus Truck Lines, Inc.*, 370 S.W.2d 341, 344 (Mo.1963), where the court held that "communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons."

No issue remains as to alleged publication. The various materials offered to the

circuit court establish a lack of actionable publication, without which an action for libel cannot lie. Therefore, the trial court's granting of defendants' separate motions to dismiss, considered as motions for summary judgment, was appropriate.

Judgment affirmed.

GUNN and CRIST, JJ., concur.