STATE of Missouri ex rel. LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI and Division of Employment Security, State of Missouri, Relators,

v.

The Honorable L. Thomas ELLISTON, Judge of the Circuit Court of Jasper County, Missouri, Respondent.

No. 16396.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 2, 1989.

Sharon A. Willis, Kansas City, Sandy Bowers, Jefferson City, for relator Div. of Employment Sec.

James B. Crenshaw, Jefferson City, for relator Labor and Indus. Relations Com'n.

William J. Fleischaker, Roberts, Fleischaker & Williams, Joplin, for respondent.

MAUS, Judge.

By this proceeding in prohibition, the relators, the Labor & Industrial Relations Commission of Missouri (Commission) and Division of Employment Security (Division), seek to prohibit the respondent circuit judge from proceeding against them upon a Petition for Review filed in the Circuit Court of Jasper County. This court granted its preliminary order. Rule 97.04. The following is an outline of the relevant facts established by the record.

John C. Huffer filed the Petition for Review to reverse the decision of the Labor & Industrial Relations Commission denying him unemployment compensation. A "Summons upon Service by Mail" to the Commission was issued by the Circuit Clerk. Rules Form No. 4. Huffer's attorney mailed the summons with a copy of the petition to the Chairman of the Commission. He also enclosed two copies of "Notice and Acknowledgment of Receipt of Summons and Petition Notice" in the form prescribed by § 506.150.5. The letter of transmittal asked the Chairman to execute and return an executed acknowledgment of service. The Chairman received the letter and enclosures.

Thereupon, the Commission and Division filed a seven page "Entry of Appearances and Motion to Dismiss with Suggestions". The motion recited the movants "enter their appearances for the sole purpose of presenting this motion, and hereby *move the court to dismiss* the above-captioned cause for lack of jurisdiction over the parties." (Emphasis added.) The motion then set forth a lengthy argument why the Commission may not be served by mail under § 506.150.4 but is subject to process only by personal service "upon a member of the commission or upon such persons as the commission may designate...." § 288.210. The body of the motion again states "[p]laintiff's cause should be dismissed upon the basis" service was not had in that manner. The motion prays "that plaintiff's cause be dismissed and for whatever relief may be appropriate under the circumstances." A docket entry recites that upon the appearance of the parties' attorneys the Motion to Dismiss was overruled.

An outline of the provisions of § 506.150, as amended (1988), relative to service upon the Commission is as follows.

"1. The summons and petition shall be served together. Service shall be made as follows:

(1) Upon an individual, ...

(2) If the infant or disabled or incapacitated person has a legally appointed conservator, ...

(3) Upon a domestic or foreign corporation or upon a partnership, or other unincorporated association, ...

(4) Upon a domestic corporation that has been dissolved according to law, ...

(5) Upon a public, municipal, governmental, or quasi-public corporation or body,....

\* \* \* \* \* \*

4. Service of the summons and petition upon a defendant of any class *re-*

*ferred to in subdivision (1) or (3)* of subsection 1 of this section may be made by the plaintiff or by any person authorized to serve process pursuant to section 506.140, by mailing a copy of the summons and petition by first-class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to the form contained in subsection 5 of this section ...." (Emphasis added.)

Respondent, through counsel for Huffer, contends that § 288.210 provides a petition shall be served upon an individual member of the Commission, and therefore § 506.150.4 authorizes service by mail upon that individual.

Three lawyers signed the Motion to Dismiss. One appeared on the motion. Three presented the Petition for Prohibition and subsequent brief. Respondent argues the Commission should stop wasting time and money and acknowledge service to reach a decision on the merits. Irrespective of the merits of that argument, the decision of the Commission to attack service is not a basis for a construction of § 506.150.4 to authorize service thereunder upon the Commission.

Respondent also argues his interpretation of § 506.150

"makes sense in this day and age when the costs of obtaining service of process through a private processor or sheriff's deputy have risen to in excess of $50.00 in many instances. Why should a person whose economic circumstances are such that he has to resort to unemployment compensation be required to undergo the expense of personal service in Cole County, Missouri, to serve the petition when a 25¢ stamp would do the same?"

This Court appreciates that argument. However, as hereafter developed, that argument is for the legislature. Cf. § 287.480 and *Penn Valley Management, Inc. v. Robertson,* 724 S.W.2d 661 (Mo.App. 1987).

Insofar as service upon the Commission is concerned, § 506.150.4 is unambiguous. "Where language of a statute is clear and unambiguous there is no room for construction." *Com. Fed. Sav. & Loan v. Director of Rev.,* 752 S.W.2d 794, 798 (Mo. banc 1988), cert. denied, —— U.S. ——, 109 S.Ct. 231, 102 L.Ed.2d 221. The party to be served with summons and Petition for Review is the Commission. The Commission is a public body or quasi-public corporation. *Parker v. Unemployment Compensation Com'n,* 358 Mo. 365, 214 S.W.2d 529 (1948).

Section 506.150.4 authorizes service by mail, as therein provided, upon a defendant referred to in subdivision (1) "an individual", or in subdivision (3) "a domestic or foreign corporation or upon a partnership, or other unincorporated association, when by law it may be sued as such, ..." It does not authorize such service upon "a public, municipal, governmental, or quasi-public corporation or body...."

"Where a statute contains provisions for a method of service, service may be made pursuant to the provisions of the statute or as provided by these Rules." Rule 54.18. Service upon the Commission may be had in the manner prescribed by § 288.210, § 506.150.1(5) or Rule 54.13(a)(4).

However, the foregoing does not establish the preliminary order should be made absolute. A court may lack jurisdiction over a party because process even though served in compliance with an applicable statute or Rule cannot bring that party before the court. See *State ex rel. Wichita Falls Gen. Hosp. v. Adolf,* 728 S.W.2d 604 (Mo.App.1987), cert. denied, 484 U.S. 927, 108 S.Ct. 292, 98 L.Ed.2d 252. Or, a court may lack jurisdiction over a party because process or the service of process does not comply with an applicable statute or Rule. See *Gerding v. Hawes Firearms Co.,* 698 S.W.2d 605 (Mo.App.1985). In the latter instance, the appropriate defense or objection is "insufficiency of process" or "insufficiency of service of process". Rule 55.27(a)(4) and (5).

With rare exception, see *State ex rel. O'Reilly v. Kirkwood,* 407 S.W.2d 613 (Mo.App.1966), the appropriate relief for insufficiency of process or insufficiency of service of process is to quash the purported service of process. It is not to dismiss the action.

" 'We know of no law or precedent which justifies the dismissal of a cause for want of service of process and we feel that the dismissal of this case on that ground, under the unusual circumstances, to be unjustified and unwarranted.' *Texas–Western Company v. Giesecke*, 342 S.W.2d 266, 272 (Mo.App.1961). Also see *Young v. Lucas Construction Company*, 454 S.W.2d 638 (Mo.App.1970)." *Kennedy v. Empire Gas Co., Inc.*, 756 S.W.2d 945, 948 (Mo.App.1988).

"The single purpose of defendant's motion in this case was to have the court quash the service of process. The court was not requested to and did not, in fact, adjudicate the merits of plaintiff's petition. That portion of the court's order which undertook to sustain a nonexisting motion to 'dismiss petition' is clearly a nullity, it is void [*Clark v. Clark*, Mo.App., 300 S.W.2d 851, 852(3, 4)] and amounts to nothing but surplusage which must be ignored." *Continent Foods Corp. v. National–Northwood, Inc.*, 470 S.W.2d 315, 318 (Mo.App.1971).

"Although district courts have broad discretion to dismiss a complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained. *Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d Cir.1971); *Richardson v. Ingram Corp.*, 374 F.2d 502, 503 (3d Cir.), cert. denied, 389 U.S. 866, 88 S.Ct. 134, 19 L.Ed.2d 139 (1967)." *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C.Cir.1983). Also see *Talkington v. J.S. Alberici Const. Co.*, 528 S.W.2d 5 (Mo.App. 1975); *Bailey v. Boilermakers Local 667 of Intern. Broth.*, 480 F.Supp. 274 (N.D.W. Va.1979); *Sykes v. Beal*, 392 F.Supp. 1089 (D.Conn.1975); cf. *State ex rel. Seals v. McGuire*, 608 S.W.2d 407 (Mo.banc 1980).

■ It is a " ' ... general rule ... that an application for a writ of prohibition will not be considered unless a plea to the jurisdiction has been filed and overruled in the lower court,....' " *State ex rel. Ferrocarriles Nacio-nales De Mexico v. Rutledge*, 331 Mo. 1015, 1037, 56 S.W.2d 28, 39, 85 A.L.R. 1378, 1394–1395 (1932), cert. denied, 289 U.S. 746, 53 S.Ct. 689, 77 L.Ed. 1492 (1933). Also see *State, Government Employees Ins. Co. v. Lasky*, 454 S.W.2d 942 (Mo.App.1970). "A court should only exercise its discretionary authority to issue this extraordinary remedy when the facts and circumstances of the particular case demonstrate unequivocally that there exists an extreme *necessity for preventive action.*" *Derfelt v. Yocom*, 692 S.W.2d 300, 301 (Mo. banc 1985) (Emphasis added.)

The relators did not in the circuit court seek the relief they now seek by way of the extraordinary remedy of prohibition. The fact the circuit court properly denied the Motion to Dismiss provides no basis for that remedy. See *State ex rel. Duddy v. Lasky*, 451 S.W.2d 352 (Mo.App.1970). The preliminary order in prohibition in this proceeding was improvidently issued and is quashed. The relators' petition is denied.

PREWITT, P.J., and HOGAN, J., concur.