IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-304-CV





DENNIS R. LOCKLIN,



 APPELLANT


vs.





TEXAS UTILITIES ELECTRIC, INC.,


d/b/a T.U. ELECTRIC COMPANY,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT



NO. 125,783-C, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING



 




PER CURIAM

 This is an appeal from a summary judgment in a wrongful discharge case. We will
affirm the judgment of the trial court.



I.  THE SUMMARY JUDGMENT EVIDENCE


A.  Factual Background


 Appellant Dennis R. Locklin brought this action against his former employer Texas
Utilities Electric, Inc. (TUEI). On September 3, 1987, Locklin was employed by TUEI as a
lineman on a bucket crew supervised by Billy Luker. The crew was assigned the task of splicing
a neutral and a primary power line. Locklin was assigned the task of making the connections. 
TUEI has a safety rule that specifies the procedure to be followed when making the connection. 
The rule provides, in pertinent part:



[The worker] shall avoid placing himself in series with the load, when connecting
transformers or jumpers on primary circuits. In these cases, his only protection
is his rubber gloves, since the insulated basket offers no protection against his
getting in series with the load. Approved hot sticks shall be used to make
connections in these situations.



 Luker told Locklin not to use a hot stick (1) to make the connections. When Locklin
attempted to perform the procedure without the hot stick, he placed himself in series with the
electric load. TUEI fired Locklin for violating the safety rule and for insubordination based on
his placing himself in series against Luker's instructions not to do so. 



B.  Procedural Background


 In his original petition, Locklin alleged he was wrongfully discharged because: (1)
his discharge was in violation of the employment agreement between him and TUEI, created by
TUEI's policy manuals and statements and its course of conduct with him; (2) his discharge
violated public policy because he was merely following his supervisor's orders when he violated
the safety rule; (3) TUEI's negligence in hiring and retaining Luker as a supervisor over him
proximately caused Locklin's discharge because TUEI knew or should have known of Luker's
bias against him, and of his continual physical and verbal harassment; and (4) his discharge
violated TUEI's implied duty of good faith and fair dealing toward him.



1.  Motion for Summary Judgment on Wrongful Discharge Claim


Based on Breach of Employment Agreement


 In its motion for summary judgment, TUEI submitted that no genuine issues of
material fact existed and it was entitled to summary judgment as a matter of law on Locklin's
cause of action for wrongful termination. TUEI alleged that it was entitled to judgment on the
breach of contract ground because the claim was barred by the employment-at-will doctrine and
the statute of frauds. Specifically, TUEI submitted that the summary-judgment evidence showed
that: (1) Locklin was employed for an indefinite period of time and was presumed to be an
employee at will; (2) when the relationship is one of employment at will, it may be terminated by
either party for any reason or no reason; (3) TUEI's manuals and handbooks did not limit its right
to terminate at will; (4) there was no express oral or written representation to Locklin that he
would be terminated only "for cause"; and (5) TUEI could terminate Locklin at any time for any
reason or no reason, and no cause of action would exist for wrongful termination in violation of
an employment agreement. 

 TUEI also submitted that: (1) there was no written employment agreement; (2) the
contract Locklin alleged existed was incapable of being performed within one year; and (3) the
contract was unenforceable because the statute of frauds provides that an agreement which is not
to be performed within one year of its making is unenforceable unless in writing. 


 

2.  Motion for Summary Judgment on Wrongful Discharge 


Claim Based on Violation of Public Policy 
 

 TUEI submitted that it was entitled to summary judgment on the portion of
Locklin's cause of action based on a violation-of-public-policy ground because Locklin's claim
that he was "following his supervisor's orders" when he was terminated for violating a safety rule
does not come within the only recognized public-policy exception to the at-will-employment
doctrine.



 3.  Motion for Summary Judgment on Wrongful Discharge Claim Based


 on Negligent Hiring and Breach of Implied Duty Good Faith 


 & Fair Dealing, and Exemplary Damage Claim 
 

 Regarding Locklin's claim of wrongful termination based on negligent hiring and
breach of an implied duty of good faith and fair dealing, and his claim for exemplary damages,
TUEI submitted it was entitled to summary judgment because: (1) Locklin's allegations that TUEI
was negligent in hiring Luker, who was allegedly biased against him, and allegedly physically and
verbally harassed him, failed to state a cause of action for wrongful termination; (2) Texas does
not recognize an implied duty of good faith and fair dealing in an employer-employee relationship;
and (3) Locklin had not stated a claim upon which exemplary damages could be awarded. TUEI
supported its motion for summary judgment with excerpts from Locklin's deposition and answers
to interrogatories; the affidavit of TUEI's district manager, W. E. Reeder; and the affidavit of
its attorney.


4.  Locklin's Response To The Motion for Summary Judgment


 Locklin filed a response to TUEI's motion for summary judgment, in which he
argued for the creation of a public-policy exception to the at-will-employment doctrine where an
employee is discharged solely for "accidentally getting himself in series with high voltage after
being instructed by his employer not to follow safety procedures designed to prevent such
occurrences." Locklin supported his motion with the affidavit of his attorney, with attached
exhibits; excerpts from Locklin's deposition and attached exhibits; and excerpts from the
depositions of Luker and Earl Zelmer. 

 The trial court granted TUEI's motion for summary judgment without specifying
the grounds, ordered that Locklin take nothing, and denied all relief not expressly granted. 
Locklin appeals from the trial court's judgment.



II.  DISCUSSION AND AUTHORITIES 


A.  Summary Judgment Standard of Review


 The question on appeal is not whether the summary judgment proof raises a fact
issue, but whether the summary-judgment proof establishes as a matter of law that there is no
genuine issue of material fact exists as to one or more of the essential elements of the plaintiff's
cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). The movant
for summary judgment has the burden of showing that no genuine issue of material fact exists and
that it is entitled to judgment as a matter of law. In deciding whether there is a disputed material-fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as
true. This Court must indulge every reasonable inference in favor of the nonmovant and resolve
any doubts in his favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985).



B.  Preservation of Error and Scope of Appellate Review


1.  Stated Point of Error Waived


 Locklin made no general assignment that the trial court erred in granting the
summary judgment. See Malooly Brothers Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 
In his sole point of error Locklin asserts the trial court erred in granting summary judgment for
TUEI because an issue of material fact exists as to whether TUEI terminated him for refusing to
obey a supervisor's command to break a safety rule. 

 Locklin's argument in his brief does not address his stated point of error. The brief
is dedicated exclusively to arguing for an extension of the public-policy exception to the
employment-at-will doctrine to include cases in which an employee is terminated solely for
accidentally placing himself in series with high voltage after being instructed by his employer not
to follow safety procedures designed to prevent such occurrences. Merely making an unsupported
allegation of error without argument or authority constitutes waiver of appellate review. Tex. R.
App. Ann. 74(f) (Pamph. 1992). Nevertheless, we have examined the record and Locklin's stated
point of error has no support in the record.



 2.  Courts of Appeal May Not Extend Exceptions 


To Employment-At-Will Doctrine
 

 Based on the argument in the brief, we construe Locklin's point of error as an
attack that the trial court erred in failing to extend the public policy exception to the employment-at-will doctrine. See O'Neil v. Mack Trucks, Inc., 542 S.W.2d 112, 114 (Tex. 1976) (rule of
liberal construction applies to points in appellant's brief; merits of error will be passed on in light
of the statement and arguments). We will overrule the point of error. 

 Under the facts in this cause, this Court is not free to extend the exception to the
employment-at-will doctrine to include a case in which an employee is terminated solely for
accidentally placing himself in series with high voltage after being instructed by his employer not
to follow safety procedures designed to prevent such occurrences. Texas follows the doctrine of
employment-at-will, under which employment for an indefinite term may be terminated at-will and
without cause. Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 489 (Tex. 1991); East Line
& R.R.R. Co. v. Scott, 10 S.W. 99, 102 (Tex. 1888). Currently, the only judicially created
public-policy exception to the employment-at-will doctrine is for discharge based solely on the
refusal to obey an order to perform an illegal act. See Sabine Pilot Service, Inc. v. Hauck, 687
S.W.2d 733, 735 (Tex. 1985); Johnson v. Del Mar Distributing Co., 776 S.W.2d 768, 771 (Tex.
App. 1989, writ denied) (Sabine Pilot exception includes an employee who in good faith attempts
to find out if the act is illegal); McClendon v. Ingersoll-Rand, 779 S.W.2d 733 (Tex. 1989),
rev'd, 111 S.Ct. 478 (1990), vacated on remand, 807 S.W.2d 577 (Tex. 1991) (ERISA preempts
cause of action for wrongful discharge grounded on public-policy exception to employment-at-will
doctrine when employer terminates employee primarily to avoid paying benefits or contributing
to employee pension plan).

 As a general rule, intermediate appellate courts are not free to create additional
exceptions analogous to the very narrow exception created in Sabine Pilot. Jennings v. Minco
Technology Labs, Inc., 765 S.W.2d 497, 500-02 (Tex. App. 1989, writ denied). Locklin does
not come within the scope of Sabine Pilot or Del Mar Distrib. Co. Nor is this an appropriate case
for endorsement of a cause of action pursuant to Winters v. Houston Chronicle Pub. Co., 795
S.W.2d 723, 725-26, n.1 (Tex. 1990) (J. Doggett, concurring) (intermediate courts may enforce
a cause of action where employee suffers employer retaliation for exposing, by reporting,
activities in the workplace that will have a probable adverse effect on the public). Finally, we are
not aware of other public policy as expressed in the state and federal constitutions and statutes,
judicial or administrative decisions, rules and regulations or other statements of public policy that
would demonstrate that the 'wrongdoing' about which complaint is made contravenes substantial
societal concerns. See Winters, 795 S.W.2d at 733. Under these facts, this court is not free to
create an additional exception to the employment-at-will doctrine. Winters, 795 S.W.2d at 725-26; Minco, 765 S.W.2d at 500-01.



4.  Conclusion


 For the reasons stated, we overrule Locklin's point of error. The judgment of the
trial court is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 15, 1992

[Do Not Publish]
1.   A hot stick, also referred to as a mechanical jumper, is a piece of wire with clamps on either
end, applied by hand, which allows a lineman to complete a circuit while bypassing the set of bells
and air brake switch on which he is working.