In re the MARRIAGE OF Deborah Kathleen PECK and Lance Eric Peck.

Deborah Kathleen PECK, Appellant,

v.

Lance Eric PECK, George Warfel, Jackie Warfel, Clyde Gene Peck and Dorothy Peck, Respondents.

No. 21142.

Missouri Court of Appeals, Southern District, Division Two.

June 12, 1997.

Peggy S. Hedrick, Springfield, for Appellant.

Linda K. Thomas, Springfield, for Respondent Lance Eric Peck.

Patricia J. Shilling, Metzger & Shilling, Ozark, for Respondents George Warfel and Jackie Warfel.

William C. Prince, Springfield, for Respondents Clyde Gene Peck and Dorothy Peck.

CROW, Judge.

This is a dispute about custody and support of a child.

The present appeal arises from the trial court's rulings in regard to a motion to modify filed by the child's mother. The rulings present only procedural issues. Resolving them requires a chronological account of the litigation.

The marriage of Deborah Kathleen Peck and Lance Eric Peck was dissolved by a decree filed September 24, 1987. The decree awarded Deborah[1] custody of the only child of the marriage: Keshian Rebecca Peck, born February 6, 1985. The decree ordered Lance to pay Deborah child support for Keshian.

The custody and support provisions of the dissolution decree were modified by a judgment entered January 2, 1996. We henceforth refer to that judgment as "the 1996 judgment."

The 1996 judgment awarded Lance "sole legal and physical custody" of Keshian and granted him permission to remove Keshian from Missouri to Germany. The 1996 judgment awarded Deborah "reasonable rights of visitation" with Keshian, and awarded George Warfel and Jackie Warfel visitation with Keshian "each summer for four weeks." Additionally, the 1996 judgment ordered Deborah to pay Lance child support of $145 per month.

Deborah appealed from the 1996 judgment. We henceforth refer to that appeal as "the prior appeal."

While the prior appeal was pending, Deborah filed a motion to modify the 1996 judgment. The motion averred that at the time the trial court heard the evidence which produced the 1996 judgment, the Warfels[2] "had physical possession" of Keshian, and that on an unknown date thereafter the Warfels "delivered" Keshian to Clyde Gene Peck and Dorothy Peck.[3] The motion prayed the trial court to award the Pecks "physical custody" of Keshian, but to award Deborah "legal custody" of Keshian. The motion also prayed that the child support "be recalculated."

Avowing that personal service could not be made on Lance because he resided in Germany, Deborah requested that service of her motion to modify be made on him by mail. That method proved unsuccessful, as the trial court's docket sheet shows: "Service by registered mail to Lance Peck returned unclaimed."

The Pecks moved the trial court to dismiss Deborah's motion to modify on the ground that it "failed to state a cause upon which relief can be granted."

The Warfels moved the trial court to dismiss Deborah's motion to modify because (1) the motion failed to state a claim upon which relief may be granted, and (2) "there is still pending an appeal of the decree which [Deborah] seeks to modify."

On May 9, 1996, Deborah's lawyer, the Pecks' lawyer, and the Warfels' lawyer appeared in the trial court. Also present was the lawyer who had represented Lance in the proceedings that culminated in the 1996 judgment. The latter lawyer filed a motion on behalf of Lance "in open [c]ourt" praying the trial court to dismiss Deborah's motion to modify. As grounds therefor, Lance's motion pled:

"1. That [Lance] has not been served as required by law and as a result process is insufficient and the court lacks jurisdiction over [Lance].

2. That [Deborah] attempted to serve [Lance] with pleadings by regular mail and service of process is insufficient."

The trial court heard argument on "Motions to Dismiss." The docket entry shows, *inter alia:* "Motions taken under advisement."

---

1. For brevity and clarity, we refer to the people mentioned in this opinion by their respective forenames or surnames, as convenient. We mean no disrespect.

2. The record in the prior appeal revealed that Jackie Warfel is Deborah's mother, and that

George Warfel is Jackie's husband but not Deborah's father.

3. Deborah's brief avers the Pecks are Keshian's "paternal grandparents."

The next activity of record occurred May 15, 1996. A docket entry that date shows: "Intervenors'[4] Motions to Dismiss Petr's Motion for Modification of Decree of Dissolution sustained."

On May 31, 1996, Deborah filed a motion asking the trial court to "reconsider" its ruling of May 15, 1996.

On June 6, 1996, Deborah's lawyer, Lance's lawyer, the Warfels' lawyer, and the Pecks' lawyer appeared in the trial court. The trial court "overruled" Deborah's motion to reconsider the ruling of May 15, 1996.

The next activity of record occurred June 14, 1996, when Deborah's lawyer filed a request that Lance be served by publication per "Missouri Supreme Court Rule 54.12."

On July 10, 1996, Lance filed a "Motion to Quash Summons." The motion pled, *inter alia:*

"1. That on March 29, 1996, ... Deborah ... filed a Motion to Modify.

2. That on May 15, 1996, the court sustained a Motion to Dismiss, thereby dismissing [Deborah's] Motion to Modify.

3. That on May 31, 1996, [Deborah] filed a Motion to Reconsider which was overruled on June 6, 1996.

4. That as a result, other than an appeal pending before the Missouri Court of Appeals, ... there is no pending action upon which a summons can be issued.

5. That on June 14, 1996, [Deborah] filed an Affidavit for Service by Publication and a notice upon order for service by publication was issued to Daily Events and a summons was issued by publication.

6. That said summons should be quashed due to the fact that there is no pending action before the court."

An entry on the trial court's docket sheet dated July 23, 1996, shows: "[Deborah's lawyer and Lance's lawyer] appear on Motion to Quash Summons-same sustained."

Deborah instituted the present appeal by filing a notice of appeal August 2, 1996.

Before any party filed a brief in the present appeal, the Pecks filed a motion in this court averring that the present appeal should be dismissed because Deborah failed to file her notice of appeal "in a timely fashion." This court ordered that the Pecks' motion be taken with the case, to be ruled upon when the present appeal was taken under submission.

Thereafter, following the completion of briefing, the parties appeared by counsel in this court for oral argument on the claims of error raised in Deborah's brief. At that time, counsel for the Pecks announced that the motion seeking dismissal of Deborah's appeal was withdrawn. That, of course, was the Pecks' prerogative.

■ However, the withdrawal of the motion did not relieve this court from its duty to determine whether the rulings from which Deborah brings the instant appeal are appealable. *Estate of Sawade v. State,* 787 S.W.2d 286, 288[1] (Mo. banc 1990). If those rulings do not constitute a final judgment, this court lacks jurisdiction and the present appeal must be dismissed. *Boley v. Knowles,* 905 S.W.2d 86, 88[2] (Mo. banc 1995). An appealable judgment disposes of all issues in a case, leaving nothing for future determination. *Id.* at [3]. Where (as here) a trial court does not invoke Rule 74.01(b), an order that does not resolve all claims as to all parties is unappealable. *In re Marriage of McMillin,* 908 S.W.2d 860, 863[8] n. 6 (Mo. App. S.D.1995).

■ It is thus obvious that our first task is to ascertain whether the trial court's ruling of May 15, 1996, dismissed Deborah's motion to modify as to all five adverse parties, or whether the ruling dismissed Deborah's motion to modify as to only the Pecks and the Warfels, leaving Deborah's motion to modify pending as to Lance. No party cites authority to aid us in that endeavor.

In *Payne v. Payne,* 695 S.W.2d 494, 496[2] n. 3 (Mo.App. S.D.1985), this court held it is permissible to interpret a judgment on the

4. The Pecks and the Warfels were designated "Intervenors" in the trial court. That designation appears incorrect, as the record indicates they did not apply to intervene per Rule 52.12, Missouri Rules of Civil Procedure (1996), but instead were added as parties at the instance of Deborah. However, no issue is raised in this appeal about their designation as "Intervenors."

basis of the rest of the record even though, standing alone, the judgment is indefinite as to the specific parties intended. We shall employ that technique in our effort to ascertain the effect of the trial court's ruling of May 15, 1996.

As reported earlier, Lance filed a motion to dismiss Deborah's motion to modify on May 9, 1996, hence Lance's motion was before the trial court when the trial court issued its ruling of May 15, 1996.

An attentive reader will recall that Lance's motion to dismiss was not based on the ground on which the Pecks based their motion to dismiss, nor was Lance's motion to dismiss based on either of the grounds on which the Warfels based their motion to dismiss. Lance's motion to dismiss was based on the sole ground that process had not been served on him, hence the trial court lacked jurisdiction over him.

■ Where a trial court grants a motion to dismiss and states no reasons for its ruling, an appellate court assumes that the grounds for the ruling are those set out in the motion. *Molasky v. Brown,* 720 S.W.2d 412, 414[1] (Mo.App. W.D.1986).

In *State ex rel. Labor and Industrial Relations Commission v. Elliston,* 779 S.W.2d 733 (Mo.App. S.D.1989), this court held:

> "With rare exception, see *State ex rel. O'Reilly v. Kirkwood,* 407 S.W.2d 613 (Mo. App.1966), the appropriate relief for insufficiency of process or insufficiency of service of process is to quash the purported service of process. It is not to dismiss the action." [5]

*Elliston,* 779 S.W.2d at 735[1]. *Accord: Kennedy v. Empire Gas Co., Inc.,* 756 S.W.2d 945, 947–48[3] (Mo.App. S.D.1988); *Texas–Western Co. v. Giesecke,* 342 S.W.2d 266, 272[2] (Mo.App.1961).

Were we to assume that the trial court, by its ruling of May 15, 1996, granted Lance's motion to dismiss, it is evident that the cases cited in the two preceding paragraphs would compel us to hold the trial court erred.

However, as recounted earlier, the trial court's ruling of May 15, 1996, shows only that "Intervenors'" motions to dismiss are "sustained." As previously explained,[6] the Pecks and the Warfels were designated "Intervenors" in the trial court. By contrast, Lance was designated "Respondent" in the trial court. The trial court's ruling of May 15, 1996, makes no mention of a motion to dismiss by "Respondent" (or Lance by name).

Furthermore, nothing in the record demonstrates that Lance's lawyer served notice on other counsel that Lance's motion to dismiss would be presented to the trial court for ruling on May 9, 1996 (the day Lance's motion was filed, which was the day counsel appeared in the trial court for argument on the Pecks' motion to dismiss and the Warfels' motion to dismiss).

Because (a) the record does not explicitly show that the trial court, by its ruling of May 15, 1996, granted Lance's motion to dismiss, (b) granting Lance's motion to dismiss on the ground set forth in it would have been error, and (c) we are reluctant to assume, on an indefinite record, that the trial court committed error, we hold the trial court's ruling of May 15, 1996, granted only the Pecks' motion to dismiss and the Warfels' motion to dismiss, and that the ruling neither granted nor denied Lance's motion to dismiss.

■ The next question is whether the trial court's granting of the motions to dismiss by the Pecks and the Warfels on May 15, 1996, had the effect of dismissing Deborah's motion to modify as to Lance even though the trial court did not rule on Lance's motion to dismiss.

Lance cites no authority to support a hypothesis that where an action is pending against several defendants, each of whom has filed a motion to dismiss, and the trial court grants motions to dismiss by some, but not

---

5. *O'Reilly,* referred to in the above excerpt from *Elliston,* was an original proceeding in prohibition in an appellate court. The appellate court barred the trial court from hearing an election contest until process was properly served on the contestee; the appellate court did not order the trial court to dismiss the election contest. 407 S.W.2d at 614[1, 2].

6. Footnote 4, *supra.*

all, of the defendants, the ruling dismisses the action as to all defendants.

We are mindful that in *Skatoff v. Alfend,* 411 S.W.2d 169 (Mo.1966), it was held that where the relief sought against some defendants is merely ancillary to relief sought against other defendants, and the trial court dismisses the claim against the latter defendants, the order operates as a dismissal of the claim against the former defendants even though the order does not specifically say so. *Id.* at 173[7]. However, that holding does not apply here because the relief Deborah sought against Lance was not merely ancillary to the relief she sought against the other parties. Deborah's motion to modify sought, *inter alia,* to divest Lance of both legal and physical custody of Keshian.

Furthermore, nothing in the trial court's ruling of May 15, 1996, indicates that the court intended to dismiss Deborah's motion to modify as to all five adverse parties.

We therefore hold that Deborah's motion to modify was still pending as to Lance after the trial court's ruling of May 15, 1996.

Deborah's motion of May 31, 1996, asking the trial court to "reconsider" its ruling of May 15, 1996, addressed only the grounds for dismissal set forth in the Pecks' motion to dismiss and the Warfels' motion to dismiss. The trial court's ruling of June 6, 1996, merely "overruled" Deborah's motion to reconsider. The June 6, 1996, ruling did not mention Lance's motion to dismiss.

For the reasons in the preceding paragraph, we hold that Deborah's motion to modify was still pending as to Lance after the trial court's ruling of June 6, 1996.

■ The only ruling by the trial court after June 6, 1996, that could have arguably dismissed Deborah's motion to modify as to Lance was the ruling of July 23, 1996. That ruling "sustained" the motion filed by Lance on July 10, 1996, designated "Motion to Quash Summons." The ground set forth in that motion was that on May 15, 1996, the trial court "sustained" a motion to dismiss, thereby dismissing Deborah's motion to mod-

ify, and that consequently "there is no pending action before the court."

We held earlier in this opinion that neither the trial court's ruling of May 15, 1996, nor its ruling of June 6, 1996, had the effect of dismissing Deborah's motion to modify as to Lance. Therefore, Lance's motion to quash was based on the erroneous hypothesis that no action was pending in the trial court on July 10, 1996. Obviously, if the trial court granted Lance's motion to quash on the ground set forth in the motion, the trial court erred.

However, whether the trial court granted Lance's motion to quash on the ground set forth in the motion or for some other reason is a subject we lack jurisdiction to address. That is because, as explained in the next three paragraphs, we must dismiss the present appeal for lack of an appealable judgment.

The only relief sought in Lance's motion to quash was an order quashing the service of summons on him by publication. The trial court's ruling of July 23, 1996, merely "sustained" the motion to quash; the ruling dismissed nothing.

Accordingly, the posture of this case, as demonstrated by the record before us, is that Deborah's motion to modify the 1996 judgment is still pending in the trial court as to Lance. That being so, the trial court has not disposed of all issues raised by Deborah's motion to modify as to all parties.

As explained earlier, where a trial court does not invoke Rule 74.01(b), an order that fails to resolve all claims as to all parties is unappealable. *McMillin,* 908 S.W.2d at 863[8] n. 6. *Accord: Birdsong v. Bydalek,* 905 S.W.2d 896, 897 (Mo.App. S.D.1995). We are thus compelled to dismiss the present appeal without reaching the claims of error presented by Deborah.[7] *Boley,* 905 S.W.2d at 88[2].

Appeal dismissed.

PARRISH, J., and MONTGOMERY, C.J., concur.

---

7. One of Deborah's claims of error attacks the

trial court's "sustaining" of the Warfels' motion

to dismiss on the ground that the prior appeal (Deborah's appeal from the 1996 judgment) was "still pending." On March 20, 1997, this court, in an unpublished order accompanied by a memorandum decision, affirmed the 1996 judgment per Rule 84.16(b)(1) and (5). On May 27, 1997, the Supreme Court of Missouri denied an application by Deborah to transfer the prior appeal to that court. On May 29, 1997, this court issued its mandate in the prior appeal. Consequently, the prior appeal is no longer pending.